[Civ. No. 7101. First Appellate District, Division Two.—December 30, 1929.]

PACIFIC READY–CUT HOMES, INC. (a Corporation), Appellant, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation), Respondent.

Andrew J. Copp, Jr., for Appellant.

Hyams & Himrod for Respondent.

(1)

BURROUGHS, J., *pro tem.*—The court sustained a demurrer to the plaintiff's complaint. The plaintiff declined to amend and judgment was thereupon entered in favor of the defendant. From said judgment plaintiff appeals. The only question involved is whether or not the complaint states a cause of action. So far as material for the purpose of this decision the complaint alleges that the defendant is the trustee named in a deed of trust given by the owners and lessees of certain real property to secure the payment of promissory notes in the aggregate sum of $90,000. That the makers of said notes had defaulted in the payments due thereon, and the *bona fide* holder of said notes had demanded that the trustee sell the trust property to satisfy the debt, then amounting to the sum of $101,324.98. That the defendant, as such trustee, had taken all the preliminary steps necessary to sell the property and had given notice that it would sell at public auction to the highest bidder for cash in gold coin, "on the 26th day of February, 1927, at the hour of 11 o'clock A. M. of said day, at the western front entrance of the Court House in the City and County of Los Angeles, State of California, all the interest conveyed to it by said deed of trust." It is further alleged that at the time so fixed, the defendant continued said sale to the ninth day of March, 1927, at the same hour and place and that in pursuance of said continuance the defendant, as trustee, offered for sale and sold the property described in said deed of trust to the highest bidder. That there were three bids made: The plaintiff herein bid $10,000, followed by a second bid of one L. A. Rose of $12,000, and the third bid by the plaintiff of $13,000. It is then alleged that the trustee thereupon called for other or additional bids, but there were no other bids, although full opportunity was given therefor. It further alleged that the sale was fairly conducted and that the plaintiff's bid of $13,000 was the highest and best bid and plaintiff thereupon tendered said sum to the defendant and demanded that it execute to him a deed for the said property, but the defendant refused to accept the money or execute the deed and that over the protests and objections of the plaintiff, then and there publicly announced the postponement of the sale to Monday, March 14, 1927, at the same hour and place. That the defendant has announced the in-

tention of again offering the property for sale on the sole ground that the bid made by plaintiff was inadequate and for the purpose of obtaining a better price for said property. It is further alleged that the price offered by plaintiff was a fair and adequate price for the equity in said real property. The prayer was for equitable relief compelling a sale to plaintiff upon its bid.

Appellant urges that the sale having been advertised as a sale by public auction to the highest bidder, and having been offered for sale and bids received and the highest bid ascertained, it was, therefore, a sale without reserve, and plaintiff is entitled to a specific performance of its right to a conveyance of the property. In support of this point, counsel quotes from *Warlow* v. *Harrison,* 1 El. & El. 309, 28 L. J. Q. B. (N. S.) 18, 29 L. J. Q. B. (N. S.) 14, the following definition of an auction sale without reserve, "neither vendor nor any person on his behalf may bid and that the property shall be sold to the highest bidder, whether the sum bid be equivalent to the real value or not." Counsel further cites sections 1792 to 1796 of the Civil Code of this state, both sections inclusive, which in their respective order defines a sale at public auction, as one made by public outcry to the highest bidder on the spot; that such a sale is completed when the auctioneer publicly announces it by the fall of his hammer, or in any other customary manner that the thing is sold; that until such announcement is made by the auctioneer the bidder may withdraw his bid; that when a sale by auction is made upon written or printed conditions, such conditions cannot be modified by any oral declaration of the auctioneer, except so far as they are for his own benefit; the last section above cited provides that "If, at a sale by auction, the auctioneer, having authority to do so, publicly announces that the sale will be without reserve, or makes any announcement equivalent thereto, the highest bidder in good faith has an absolute right to the completion of the sale to him; and, upon such a sale, bids by the seller, or any agent for him, are void." Conceding for the purpose of a decision of this question that a trustee selling real property by virtue of the power vested in him by a trust deed is an auctioneer within the meaning of the law, we are of the opinion that the complaint is fatally defective because the pleader has not alleged that the trus-

tee made any public announcement that the sale would be without reserve, or if there had been any allegation of such a character it is essential to the cause of action that there be a further allegation that the trustee had authority to announce that the sale would be without reserve. In England and Canada, although there seems to be some doubt on the subject, the rule seems to be, as stated by counsel for appellant, that where property is offered for sale at public auction and bids are received, in the absence of some declaration to the contrary, the sale is one without reserve and the highest bidder is entitled to a specific performance of a right to a conveyance of the property offered. (*Warlow* v. *Harrison, supra; McAlpine* v. *Young,* [Ont.] 2 C. H. Champ. Rep. 85.) In a footnote to *Tillman* v. *Dunman,* (Ga.) 57 L. R. A. 784, it is said that "In the United States the rule is even less clearly defined than in England and Canada," and in the same footnote it is also stated that while other states have statutes regulating auctions, Dakota is the only one having a statute similar to to section 1796 of our Civil Code. ▮ We are of the opinion that whatever the rule may be in other jurisdictions what constitutes a sale without reserve in California must be based upon a construction of said section. This code provision says, "If at a sale by auction, the auctioneer, having authority to do so, publicly announces that the sale will be without reserve, or makes any announcement equivalent thereto, the highest bidder in good faith has an absolute right to the completion of the sale. . . . " There is no allegation in the complaint that at the auction sale there was any announcement, public or otherwise, that the sale would be without reserve, nor was there any completion of the sale by the fall of the hammer or otherwise; nor do we believe that because the sale was advertised to be at public auction to the highest bidder for cash, it is the equivalent to an announcement that the sale was without reserve within the meaning of section 1796 of the Civil Code. In *Anderson* v. *Wisconsin Central Ry. Co.,* 107 Minn. 296 [131 Am. St. Rep. 462, 16 Ann. Cas. 379, 20 L. R. A. (N. S.) 1133, 120 N. W. 39], it is held that an announcement or advertisement that certain property would be sold at auction to the highest bidder was a mere declaration of intention to hold an auction at which bids would be received.

It is not an offer to sell which becomes binding, even conditionally, on the owner when the bid is made. On this subject the court says, "On principle and authority the correct rule is, that an announcement that a person will sell his property at public auction to the highest bidder is a mere declaration of intention to hold an auction at which bids will be received." We are satisfied from the foregoing that the sale was not a sale without reserve, and, therefore, appellant is not entitled to a specific performance of his alleged contract.

The foregoing contention of the appellant has been decided upon the theory that a trustee selling property in accordance with the terms of a trust deed, is governed by the above cited sections of the Civil Code relating to public sales made by auctioneers. It is claimed by respondent that such sections do not apply to sales by a trustee and irrespective thereof, it is a duty of the trustee, in the fulfilment of his trusteeship, to adjourn a sale when in his opinion the best interests of the parties require it. In 41 Corpus Juris, page 965, it is said, "The mortgagee exercising his power of sale, or the trustee proceeding to sell under the deed of trust, has power and authority to postpone the sale beyond the day fixed in the notice. . . . It is the duty of the mortgagee or trustee to postpone or adjourn the sale when the interest of the parties will be promoted thereby, but the exercise of his discretion in determining whether circumstances demanding a postponement or adjournment exists will ordinarily be binding." At page 969 of the same volume it is said: "The mortgagee or trustee must exercise good faith in protecting the rights of the mortgagor and others having an interest in the premises, using all reasonable efforts to make the sale beneficial to such parties by obtaining the full value of the property or the best price possible." In Jones on Mortgages, 7th edition, section 1873, the rule of law applicable to the power of a trustee or mortgagee to sell by public auction is to the effect that in the exercise of a sound discretion a sale may be adjourned by him, in order to obtain a fair price for the property; without such power the property might be sacrificed to the detriment of both the creditor and debtor. In *Beetem* v. *Garrison*, 129 Md. 664 [99 Atl. 897], the action was to foreclose a mortgage containing a power of sale. The property de-

scribed in the mortgage was offered for sale by public auction and the sale commenced. The highest bid at that time was $1,000. The attorney making the sale deemed the bid too small and withdrew the property from sale and it was held he had authority to do so. In *Meyer* v. *Jefferson Insurance Co.*, 5 Mo. App. 245, where a trustee sold real property of at least the value of $15,000 to the creditor for $3,000, the trustee, knowing that the creditor was intending to bid, if necessary as high as $15,000, but bid only $3,000 because there were no other bidders, it was held that the trustee had the power to adjourn the sale and abused his discretion in not doing so, and the sale was set aside. In the case at bar the complaint alleges that the debt amounted to the sum of $101,324.98, and the highest bid was $13,000. We think that under the facts alleged in the complaint and the authorities above cited, the trustee was justified and had the power to continue the sale even after bids had been received. Other cases tending to support this view are *Odell* v. *Cox*, 151 Cal. 70 [90 Pac. 194], *Lallance* v. *Fisher*, 29 W. Va. 512 [2 S. E. 775], and *Ainsa* v. *Mercantile Trust Co.*, 174 Cal. 504 [163 Pac. 898].

We are satisfied that the complaint does not state facts sufficient to constitute a cause of action, that the ruling of the court sustaining the demurrer thereto was correct, and the judgment should be affirmed. It is so ordered.

Nourse, J., and Koford, P. J., concurred.