[Civ. No. 11325. First Appellate District, Division Two.—February 15, 1940.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant, v. NORTH AMERICAN BOND AND MORTGAGE COMPANY (a Corporation), Respondent.

John L. Mace for Appellant.

Alvin W. Wendt for Respondent.

SPENCE, J.—Plaintiff purchased certain real property at a sale conducted by Pacific Auxiliary Corporation as the

substituted trustee under a deed of trust. It brought this action to quiet title against the defendant corporation, which was the original trustee under said deed of trust. The claim of the defendant was based solely upon its alleged interest as such trustee. The trial court entered judgment denying any relief to plaintiff and adjudging that title to said real property was vested in defendant as such trustee. Plaintiff appeals from said judgment.

The cause was tried upon stipulated facts. The plaintiff corporation and Olga Rupp were respectively the successor in interest of the original lender and the successor in interest of the original trustor. Said deed of trust did not contain the provision frequently found in such deeds of trust permitting the lender alone to substitute a new trustee. After the enactment in 1935 of section 2934a of the Civil Code, plaintiff and said Olga Rupp jointly executed and recorded a document entitled "Substitution of Trustee" and complied with all the requirements of that section for the purpose of substituting Pacific States Auxiliary Corporation as trustee under said deed of trust. Said substituted trustee conducted the sale thereunder and plaintiff became the purchaser. Thereafter said substituted trustee executed and delivered to plaintiff a trustee's deed to the property.

The sole question presented is that of the validity of said substitution. It will be noted that the above-mentioned "Substitution of Trustee" was not executed solely by the successor of the lender but was executed by both the successor of the trustor and the successor of the lender. It will be further noted that the original trustee is the only one challenging the validity of said substitution.

The trial court stated in its findings of fact and conclusions of law that it found said substitution invalid first, because said section 2934a applied only to deeds of trust "conferring no other duties upon the trustee than those which are incidental to the power of sale therein conferred", whereas the deed of trust here "conferred another duty, to wit: the duty of reconveying the property when the note . . . was paid"; and second, because said section became effective after the execution of said deed of trust and was intended only to affect deeds of trust subsequently executed; and third, because if given retroactive effect, it "would

amount to an interference with the right of contract and the taking of property without due process of law''.

Plaintiff contends that the trial court erred in declaring said substitution invalid and in entering judgment in favor of defendant. In our opinion this contention must be sustained.

Plaintiff's claim that the substitution was valid is based upon two grounds. The first ground is that said section 2934a is applicable to all deeds of trust similar to the one under consideration regardless of the time of execution of said deeds of trust and that the application thereof to deeds of trust previously executed violates no constitutional rights. The second ground is that the substitution was made here by the joint action of the successor of the trustor and the successor of the lender and that it was not dependent upon said section 2934a for its validity. We are of the opinion that we may base our conclusion that the substitution was valid upon the second ground above stated and that it is therefore unnecessary to discuss the first ground.

The nature of the instruments called deeds of trust and the legal consequences of the execution of such instruments have been frequently discussed and the authorities were extensively reviewed in *Bank of Italy Nat. T. & S. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940]. It has been said that such deeds of trust are ''an anomaly in our system'' and that ''in effect they are mortgages with power to sell''. (*Hodgkins* v. *Wright,* 127 Cal. 688, 692 [60 Pac. 431].) It further appears that the status of a trustee under such a deed of trust is an anomalous one. While such a deed of trust takes the form of a grant of title to the trustee, it is not always treated as a ''grant'' but it is frequently treated as a mere ''encumbrance''. (*Burns* v. *Peters,* 5 Cal. (2d) 619 [55 Pac. (2d) 1182].) Such a deed of trust ''carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt''. (*MacLeod* v. *Moran,* 153 Cal. 97, 99 [94 Pac. 604].) Neither delivery to the trustee nor the consent of the trustee is essential to the validity of such a deed of trust (*Burns* v. *Peters, supra; Smith* v. *Davis,* 90 Cal. 25 [27 Pac. 26, 25 Am. St. Rep. 92] ; *Huntoon* v. *Southern T. & C. Bank,* 107 Cal. App. 121 [290 Pac. 86]), and doubt has been cast upon whether the trus-

tee is a trustee in the strict sense of the word or is merely an agent appointed by the parties to exercise the limited powers conferred upon him as such agent. In *Ainsa* v. *Mercantile Trust Co.*, 174 Cal. 504, the court said at page 510 [163 Pac. 898], "A trustee under a deed of trust does not assume the important obligations which are in some instances cast upon a trustee by operation of law. An ordinary trust deed is little more than a mortgage with power to convey. . . . A trustee under an ordinary deed of trust is the common agent of both parties and is required to act impartially. . . . Some authorities hold that he is not a trustee at all in a technical sense." With respect to foreclosure, it has been held that no constitutional right of the parties is violated by the application of a statute, subsequently enacted, giving to the lender the additional remedy of a judicial foreclosure (*Lincoln* v. *Superior Court,* 2 Cal. (2d) 127 [39 Pac. (2d) 405]) and that the trustee "has no right to complain if the beneficiary takes advantage of a statute allowing a judicial foreclosure of the deed of trust". (*Field* v. *Acres,* 9 Cal. (2d) 110, 113 [69 Pac. (2d) 422].)

While the courts of this state may be said to have adhered quite generally to the so-called "title" theory rather than to the so-called "lien" theory with respect to deeds of trust (see *Bank of Italy Nat. T. & S. Assn.* v. *Bentley, supra*), it has never been held that the powers granted to the trustee may not be revoked or that the interest, if any, of the trustee in the property may not be terminated by the joint action of the trustor and the lender. If we regard substance rather than form, it would seem that the anomalous role of the so-called trustee under a deed of trust is more nearly the role of a "common agent of both parties" and not that of a "trustee at all in a technical sense". If he be treated as a mere agent, his powers are clearly revocable under familiar rules of agency (Civ. Code, sec. 2356), but whether he be treated as a mere agent or as a trustee with the limited powers conferred by the deed of trust, we are of the opinion that he possesses no powers and no interest which are beyond the reach of the parties creating the same, or of the successors in interest of such parties. In other words, we are of the view that the principal parties to the transaction, to wit, the trustor and the lender, or the successors of said parties, may by appropriate joint action revoke

the trust entirely leaving the title to the property in the trustor or his successor free of any trust or encumbrance; that they may by appropriate joint action convey title to a third person free of any trust or encumbrance; and that they may by appropriate joint action substitute a new trustee in the place of the original trustee named in the deed of trust. This view merely accords to said principal parties the same measure of control over the transaction as have the principal parties under a mortgage containing a power of sale. There seems to be no sound reason, as between the principal parties and the trustee, to deny to the principal parties that same measure of control. ■ We conclude that the substitution jointly executed and recorded by the successor of the trustor and the successor of the lender was valid and that it effectively revoked the powers of the defendant trustee and terminated any interest of the defendant trustee in the property. It follows that judgment should have been entered in favor of the plaintiff upon the stipulated facts.

The judgment is reversed with directions to the trial court to enter judgment in favor of the plaintiff.

Nourse, P. J., and Sturtevant, J., concurred.