[Civ. No. 7663.   Fourth Dist., Div. One.   Jan. 25, 1966.]

ROBERT H. McCLATCHEY, as Administrator, etc., Plaintiff and Appellant, v. WILL D. RUDD et al., Defendants and Respondents.

Lightner & Hilmen and John Lightner for Plaintiff and Appellant.

Gray, Cary, Ames & Frye, Rudi M. Brewster, Luce, Forward, Hamilton & Scripps, Robert G. Steiner and Lionel E. Goff, Jr., for Defendants and Respondents.

FINLEY, J. pro tem.*—Appellant is the administrator of the estate of Paul W. McClatchey, deceased. Pursuant to the filing of demurrers to his original and first amended complaints, appellant amended. Upon the sustaining of a general demurrer to his second amended complaint on the ground that it failed to state a cause of action, appellant failed or refused to amend and a judgment of dismissal was entered.

The second amended complaint is in three counts. Each is founded upon an allegedly unlawful sale under a deed of trust of certain real property belonging to the deceased.

The first count charges that the sale was unfairly and fraudulently conducted because the beneficiary and the trustee knew that appellant, as the trustor's successor, had not received mailed notice of the sale proceeding; that the price bid by the purchaser was disproportionate to the true value of the property and the actions of the beneficiary and trustee constituted a forfeiture which should be set aside.

The second count charges a breach of trust by the trustee based upon the trustee's alleged actual knowledge that the notices mailed to the deceased were returned marked ''Deceased,'' and that the trustee knew that appellant, as administrator, did not receive the notices but nevertheless failed to inform appellant of the impending sale.

The third count charges that appellant was deprived of his constitutional rights by reason of the fact that the statute permitting a sale under such circumstances is unconstitutional as to him and persons similarly situated. His argument is that where the trustee knew in conducting the sale that the mailed notices were not reaching the administrator, but knew where such notices could have reached him, that the posting of such notice is not adequate since it is not the form of notice most likely to fulfill the purpose of the law.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The facts appear to be that Paul W. McClatchey, deceased, owned some 26 acres of land in San Diego County worth about $8,000. He borrowed $2,000 from respondent Rudd and, as security, executed a note secured by a deed of trust on the property with the customary power of sale provisions. Union Title Insurance Company was named as trustee. Title Insurance and Trust Company became the successor in interest to Union. Paul McClatchey died in October of 1961. Appellant was appointed administrator of his estate and published notice to creditors. He alleges in his second amended complaint that both the beneficiary and the trustee under the deed of trust had actual knowledge of the death of Paul McClatchey and of the appointment of appellant as administrator.

The note became due and foreclosure proceedings under the power of sale were commenced by the trustee upon demand of the beneficiary. Notice of default was recorded and pursuant to Civil Code requirements notice of default and intended sale was mailed to the address specified in the deed of trust which was decedent's post office box. In addition to notice addressed to Paul McClatchey a notice was also mailed to deceased's post office box addressed to appellant as administrator. The notice addressed to Paul McClatchey was returned to the trustee marked "Deceased." Some eight months elapsed between the date of appellant's appointment as administrator and the sale of the property at the trustee's sale which took place in July of 1962.

Appellant states the questions presented on appeal as follows:

1. Is the California law regulating power of sale trust deed foreclosure unconstitutional under the circumstances in this case?

2. Did the trustee selling under a power, have a duty to give actual notice of sale to the administrator of the trustor's estate? If so, does failure to give notice, combined with inadequacy of price constitute constructive fraud?

In support of his argument that these questions should be answered in the affirmative, appellant relies primarily upon *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865], and *Ainsa* v. *Mercantile Trust Co.*, 174 Cal. 504 [163 P. 898], and later cases citing these two. Respondent answers that no great amount of argument is necessary concerning the questions posed by appellant for

the reason that the question involved has already been answered in California decisions. Emphasis is placed upon the case of *Lancaster Security Inv. Corp.* v. *Kessler,* 159 Cal.App.2d 649 [324 P.2d 634], decided in 1958, and wherein a hearing was denied by the Supreme Court. A review of that case reveals that it does in fact fully answer the questions posed by appellant in the light of the circumstances of this case. Deeds of trust are creatures of statute and unless these statutory provisions conflict with constitutional guarantees of due process, the procedures outlined in the statutes delineate and limit the necessary steps to be taken in order to acquire jurisdiction and authority to conduct a trustee's sale.

We do not hold that fraud could not in any case vitiate the strict mechanical adherence to these provisions. We do find from the alleged facts of this case that such degree of fraud cannot be read into the proceedings outlined in the pleadings here. It could be deduced from the facts alleged that the purity of motives of the trustee and beneficiary might be deemed open to question. But even if there were bad faith, which we do not mean to imply, the law does not always provide a remedy where litigants have failed to take the obvious steps necessary for the protection of their own interests, particularly where such steps are specifically outlined by statute. Here it appears that Paul W. McClatchey died in October 1961 and shortly thereafter appellant was appointed administrator of his estate. The sale was not made until July of 1962, some eight months after Paul W. McClatchey died. Appellant gave up the post office box wherein the deceased had received his mail, which was the address specified in the deed of trust for the receipt of any notices necessary to be given to the trustor. Appellant, as administrator of the estate, was undoubtedly represented at all stages by an attorney. Although the statutes covering deeds of trust specifically authorize the recording of request for notice by any interested parties, appellant not only failed to record such request within the several months after being appointed administrator but, so far as the record shows, he also failed to supply the trustee or beneficiary with a new address after giving up the deceased's post office box. He alleges that the trustee and beneficiary had knowledge of where to reach him with notice, but this is a conclusion and therefore inadequate to protect his allegation of fraud from demurrer. Appellant states in his brief that his demurrer was sustained without leave to amend, but this is not unqualifiedly true. In its memorandum

of decision, the trial court specifically stated that the demurrer was sustained without leave to amend *unless* the complaint could be amended "to allege anything in the way of active fraud, that is to say any active concealment by the defendants or either of them of the pending foreclosure proceedings, or any furnishing of false information in response to inquiry by the plaintiff, or any refusal to give information requested by plaintiff as to the status of the trust deed. For that purpose 10 days leave is granted to amend."

We do not mean to imply that the question of constitutionality could not be involved under a different factual situation. But here appellant must be held to knowledge of the existence of the deed of trust and its provisions and the requirements imposed upon the trustor. With leave to amend granted as it was here and upon appellant's failure to amend by substituting a statement of fact in place of a conclusion, and in light of appellant's own failure to take the obvious and reasonable steps open to him to protect the estate's interests such as recording request for notice or supplying the trustee with a new address after giving up the decedent's post office box, we must answer in the negative both questions posed by him on this appeal.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1966.