[L.A. No. 31966. Aug. 1, 1985.]

I. E. ASSOCIATES, Plaintiff and Appellant, v.
SAFECO TITLE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Linda Cory Allen, Richard H. Benes and Procopio, Cory, Hargreaves & Savitch for Plaintiff and Appellant.

Irwin J. Nowick and Katz, Hoyt, Seigel & Kapor as Amici Curiae on behalf of Plaintiff and Appellant.

Higgs, Fletcher & Mack, Donald H. Glaser, J. Tim Konold and Sheila M. Muldoon for Defendant and Respondent.

Hiestand & Keene, Fred J. Hiestand, Scott R. Keene, Richard P. Bertolino, Steven R. Cameron, Peter L. Townsend, Lee P. Bardellini, Garrison, Townsend & Orser, Phillip M. Adleson, Patric J. Kelly and Adleson, Hess, Christensen & Perkins as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**KAUS, J.**—I. E. Associates (Associates) appeals from a summary judgment granted in favor of defendant Safeco Title Insurance Company (Safeco). The principal issue presented is whether, in addition to the notification procedures prescribed by statute, a trustee in a nonjudicial foreclosure has a common law duty to make reasonable efforts to contact a defaulting trustor/debtor. We conclude that the statutory procedures are exclusive and affirm the judgment.

### I. FACTS

In April 1977, Associates, a general partnership, purchased certain real property from the Bishops for $105,000. As part of the purchase price, Associates gave the Bishops a promissory note for $8,250, secured by a deed of trust in favor of the Bishops, naming Safeco as trustee. The trust deed contained the signatures of each of the four partners but no printed version of their names. It listed Associates' address as "480 Camino Del Rio South, San Diego, California 92108," and stated that any notice of default or notice of sale pursuant to foreclosure was to be mailed to the trustor at the address stated on the trust deed. Associates hired Mission Professional Properties (MPP) to manage the property and to make monthly payments on the note.

Unknown to Associates, MPP stopped making the monthly payments in July 1981. In January 1982, the Bishops notified Safeco of Associates' default.

Safeco recorded a notice of default and election to sell. In accordance with the procedures prescribed in Civil Code section 2924b,[1] Safeco sent a copy by registered mail to Associates at the address listed in the deed of trust, but it was returned, marked "address unknown." A copy was then sent to Associates, in care of MPP, since Safeco had noted that the grant deed had been addressed to Associates in care of MPP at another suite at

---

[1]Unless otherwise noted, all statutory references hereafter are to the Civil Code.

the same street address. That notice was also returned, marked "address unknown." Safeco additionally searched the 1982 San Diego telephone directory for a listing for Associates, but found none.

Safeco's recorded notice of sale was posted on the property described in the deed of trust and at the San Diego County Courthouse, and was published in accordance with the statutory requirements. The notice of sale was again mailed to Associates at both previously used addresses, and the letters were again returned unopened.

The surplus of the sale was distributed to the partners of Associates in care of their attorney. The communication regarding the surplus was the first actual notice Associates or its partners received.

Associates brought an action for damages against MPP and Safeco, alleging as to the latter negligence and breach of trust in failing to take reasonable steps to notify Associates of the default and impending foreclosure sale.[2] Safeco moved for summary judgment, claiming no liability because it had given notice in accordance with statutory procedures and had no duty to take any further steps to attempt to discover a current address for Associates. The trial court agreed and granted summary judgment for Safeco.

On appeal, Associates contends (1) there were triable issues of fact regarding Safeco's compliance with the statutory procedures, and (2) there is, in addition, a common law duty to make reasonable efforts to notify a defaulting trustor.

## II. Compliance With Statutory Procedures

Section 2924b, subdivisions (2)(a) and (2)(b) require the trustee to mail the specified notices to the trustor "at his last known address if different than the address specified in the deed of trust . . . ." Subdivision (2)(c) provides that "As used in subdivisions (a) and (b), the 'last known address' . . . means the last business or residence address actually known by the . . . trustee. . . ."

■ Associates contends that there is a triable issue as to whether Safeco actually knew Associates' last known address. Associates argues that since notice to any partner is notice to the partnership under Corporations Code section 15012, actual knowledge of the address of any general partner is actual knowledge of the address of the partnership for the purpose of giving notice by mail.

---

[2]Associates seeks damages of $100,000 for the loss of equity in the property and the loss of income generated by it.

The problem with this argument is that Safeco did not have actual knowledge of the address of any of the partners. All Safeco had was the names of the partners from their signatures on the note and deed of trust. Actual knowledge is that "which consists in express information of fact." (§ 18; *Prouty* v. *Devin* (1897) 118 Cal. 258, 260 [50 P. 380].) Although the circumstances might have put Safeco on inquiry as to the partners' addresses, that is by definition *constructive,* not actual, knowledge. (§ 19; *Mason* v. *Hart* (1956) 140 Cal.App.2d 349, 355 [295 P.2d 28].) The statute specifically requires actual knowledge. The notice given complied with section 2924b.

## III. Common Law Duty

■ Associates contends that under agency principles the trustee of a deed of trust has an independent duty to take reasonable steps to provide actual notice to a defaulting trustor. This assertion requires us to determine whether the statutory procedures governing notice of nonjudicial foreclosure are the exclusive source of rights, duties and liabilities.[3]

■ The general rule is that statutes do not supplant the common law unless it appears that the Legislature intended to cover the entire subject or, in other words, to "occupy the field." (See *Justus* v. *Atchison* (1977) 19 Cal.3d 564, 574-575 [139 Cal.Rptr. 97, 565 P.2d 122]; *Gray* v. *Sutherland* (1954) 124 Cal.App.2d 280, 290 [268 P.2d 754].) "[G]eneral and comprehensive legislation, where course of conduct, parties, things affected, limitations and exceptions are minutely described, indicates a legislative intent that the statute should totally supersede and replace the common law dealing with the subject matter." (2A Sutherland, Statutory Construction (Sands 4th ed. 1984) § 50.05, pp. 440-441.) ■ It is apparent that we are dealing with such a statutory scheme.

The statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in sections 2924-2924i. These provisions cover every aspect of exercise of the power of sale contained in a deed of trust. Herewith a brief overview:

---

[3]For purposes of review of this summary judgment, it is assumed that Associates' actual current address could have been discovered.

This case deals only with the question of notice that must be given before a foreclosure sale. Nothing in this opinion is designed to affect the duties imposed on the trustee concerning the conduct of the sale by such authorities as *Pacific Ready-Cut Homes* v. *Title G. & T. Co.* (1929) 103 Cal.App.1 [283 P. 963]; *Kleckner* v. *Bank of America* (1950) 97 Cal.App.2d 30 [217 P.2d 28]; *Brown* v. *Busch* (1957) 152 Cal.App.2d 200 [313 P.2d 19]; *Hill* v. *Gibraltar Sav. & Loan Assn.* (1967) 254 Cal.App.2d 241 [62 Cal.Rptr. 188]; *Block* v. *Tobin* (1975) 45 Cal.App.3d 214; [119 Cal.Rptr. 288]; *Baron* v. *Colonial Mortgage Service Co.* (1980) 111 Cal.App.3d 316 [168 Cal.Rptr. 450]; compare Civil Code, sections 2924g, 2924h.

At least three months before the foreclosure sale, the trustee must record a notice of default setting forth the nature of the breach and, where curable, the amount necessary to cure the default. (§§ 2924, 2924c.) The content and form of the notice are specified in the statute. (§§ 2924, 2924b, 2924c.) If the trustor has recorded a request for notice, or if the deed of trust contains a request for notice,[4] the trustee is required, within certain time limits, to mail a copy of the notice of default to the trustor at the address specified therein and at his last known address if different than the address specified. (§ 2924b.)

After the notice of default has been recorded, the trustee must allow three months to elapse to afford the trustor or junior lienholders an opportunity to cure the default. (§ 2924c.) The statute also specifies the costs and fees that may be charged in conjunction with curing the default. (*Ibid.*)

Before any foreclosure sale may take place, a notice of trustee's sale must be posted on the property at least 20 days before the date of the sale. The notice must also be posted in a conspicuous public place, published, recorded and mailed to all of the people who were entitled to receive notice of default. (§ 2924f.)

The property must be sold at public auction to the highest bidder. The statute specifies the time and place for the sale, who may postpone, under what circumstances and how postponements are to be announced. (§ 2924g.) It also specifically sets forth the procedures relating to bidding: the right of the trustee to first qualify bidders, the acceptable forms of cash or cash equivalents, the requirement that the funds be deposited before the sale is concluded, the right of the foreclosing beneficiary to offset his debt ("bid his paper"), the liability of a high bidder who fails to deposit the purchase price, and the liability of persons conspiring to chill bidding. (§ 2924h.) The amount of expenses and trustees fees that may be charged is also prescribed. (§§ 2924c, 2924d.)

Finally, there are now statutory provisions requiring that special notice be given when balloon payments are involved and preventing the foreclosure process from being commenced unless such notice is given. (§§ 2924i, 2966.)

We reviewed this statutory scheme in *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268 [146 Cal.Rptr. 208, 578 P.2d 925], where we unanimously

---

[4]Since 1972, Government Code section 27321.5 has required all deeds of trust with a power of sale to specify the trustor's address and to contain a request for a copy of notice of default and sale.

held that the California nonjudicial foreclosure procedure constitutes private—not state—action, which is therefore exempt from the due process constraints of the federal and state Constitutions. In considering that question—raised in connection with the plaintiffs' claim that the notice and hearing provisions were constitutionally deficient—we noted that the provisions allowed for the possibility of a defaulting trustor receiving no actual notice of the default and sale, since the statute then required only that notice be sent to the address specified in the deed of trust or request for notice. We referred this matter to the Legislature, stating: "The Legislature may therefore want to consider enacting provisions which would require the trustee to make reasonable efforts to ascertain the trustor's present address and to send the required notice to that address. Whether, apart from any question of the validity of the sale, the trustee has an independent duty, as the common agent of the parties (see *Ainsa* v. *Mercantile Trust Co.* (1917) 174 Cal. 504, 510 [163 P. 898]; *Pacific S. & L. Co.* v. *N. American etc. Co.* (1940) 37 Cal.App.2d 307, 310 [99 P.2d 355]) to make reasonable efforts to give actual notice is a question we need not decide in the present case." (21 Cal.3d at p. 283, fn. 22.)

In apparent response to our remarks in *Garfinkle, supra,* 21 Cal.3d 268, the Legislature amended section 2924b in 1979 to add the requirement that the trustee must mail the required notices to the trustor "at his *last known address* if different than the address specified in the deed of trust or mortgage with power of sale." (Stats. 1979, ch. 1015, § 1, p. 3466, italics added.) The "last known address" is defined as the last business or residence address actually known by the trustee. A further provision imposes a duty on the beneficiary to inform the trustee of any such address actually known by the beneficiary, but it specifically exempts the trustee from any "liability for failing to send any notice to such last address unless the trustee has actual knowledge of it." (§ 2924b, subd. (2)(c).) The Legislature amended the nonjudicial foreclosure provisions again in 1981, 1983, and 1984, but made no further changes in the notice provisions. (Stats. 1981, ch. 427; Stats. 1983, chs. 112, 1217; Stats. 1984, chs. 919, 1730.)

The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes. (See *Sargent* v. *Shumaker* (1924) 193 Cal. 122, 130 [223 P. 464], *Witter* v. *Bank of Milpitas* (1928) 204 Cal. 570, 572-573 [269 P. 614]; *Billings* v. *Farm Development Co.* (1925) 74 Cal.App. 254, 264 [240 P. 298]; *Meyer* v. *Zuber* (1928) 92 Cal.App. 767, 772 [268 P. 954]; *Ley* v. *Babcock* (1931) 118 Cal.App. 525, 528-529 [5 P.2d 620]; *McClatchey* v. *Rudd* (1966) 239 Cal.App.2d 605, 608-609 [48 Cal.Rptr. 783]; *Lupertino* v. *Carbahal* (1973) 35 Cal.App.3d 742, 747 [111 Cal.Rptr. 112].) No case holding that a trustee of a deed of trust has any additional

common law duties with respect to notice has been cited or found. *Ainsa* v. *Mercantile Trust Co., supra,* 174 Cal. at page 510 and *Pacific S. & L. Co.* v. *N. American etc. Co., supra,* 37 Cal.App.2d at page 310—cited in *Garfinkle*—merely contain the general statement that a trustee under an ordinary deed of trust is the common agent of both parties and is required to act impartially.[5] Other cases cited by Associates also miss the mark. *Woodworth* v. *Redwood Empire Sav. & Loan Assn.* (1971) 22 Cal.App.3d 347, 366-367 [99 Cal.Rptr. 373], involved a claim against a title company acting as escrow holder. *Kerivan* v. *Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225 [195 Cal.Rptr. 53], was an action against a trustee for damages for failure to cancel the note following a nonjudicial foreclosure sale, which failure led to a deficiency judgment in Colorado. The Court of Appeal actually held that the trustee had no duty to cancel the note because it provided that it was to be construed under the laws of Colorado, which allow deficiency judgments. Finally, *Munger* v. *Moore* (1970) 11 Cal.App.3d 1 [89 Cal.Rptr. 323], involved an action for damages against the trustee and beneficiary of a deed of trust for conducting a trustee's sale in violation of the statutory provisions.

In short, there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes. There are, moreover, persuasive policy reasons which militate against a judicial expansion of those duties. The nonjudicial foreclosure statutes—an alternative to judicial foreclosure—reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Beneficiaries, of course, want quick and inexpensive recovery of amounts due under promissory notes in default. Trustors, on the other hand, need protection against the forfeiture of valuable property rights. Trustees, the middlemen, need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation. In taking all of these concerns into account, the statutes strike an overall balance favoring the protection of trustors. (*Garfinkle* v. *Superior Court, supra,* 21 Cal.3d at p. 278; *Smith* v. *Allen* (1968) 68 Cal.2d 93, 96 [65 Cal.Rptr. 153, 436 P.2d 65].)

The Legislature's decision not to require the trustee to search for the trustor's current address, but to compel him to use it if it is actually known, is consistent with this careful balancing of competing interests to maintain the overall working of the system under which a trustor should normally

---

[5]*Ainsa* held that a trustee under a deed of trust was not liable for the representations made by the mortgagor regarding title to the property pledged. *Pacific S. & L.* dealt solely with the question of the validity of a substitution of a trustee under a deed of trust.

receive actual notice. The beneficiary ordinarily would know if the trustor has moved, and the statute requires him to notify the trustee of any new address he knows.[6] The efficacy of the system supports striking the balance in favor of requiring the trustor to keep the beneficiary and trustee informed of his current address.[7] It is a simple task for the trustor, whereas imposing on the trustee a duty of taking reasonable steps to discover the trustor's current address would bring far more cost and uncertainty into the system. Litigation would be likely any time a person failed to receive actual notice since one could always argue that the steps taken were insufficient.

The judgment is affirmed.

Bird, C. J., Mosk, J., Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.

On September 25, 1985, the opinion was modified to read as printed above.

---

[6]Even if that safeguard fails, one would ordinarily expect the trustor to learn of the notice posted on the property itself.

[7]The main risk of not receiving actual notice under the statutes falls on passive investors, such as Associates, who rely on property management firms to collect rents and make payments. Amicus California Trustee's Association points out that if MPP, as a real estate licensee, committed fraud or misrepresentation, Associates would have recourse against the California Real Estate Recovery Fund if MPP were judgment proof. (See Bus. & Prof. Code, § 10471.)

It is a small matter for a passive investor to avoid the risk of forfeiture by keeping the beneficiary informed of any change in address or by recording a request for special notice.