Filed 11/19/20  Valenzuela v. Perry CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JACOB VALENZUELA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOHN A. PERRY et al.,<br><br>    Defendants and Respondents. | B302472<br><br> (Los Angeles County<br> Super. Ct. No. 19CHCV00478) |

APPEAL from an order of the Superior Court of Los Angeles County.  Stephen P. Pfahler, Judge.  Affirmed.

Pearson Law Corporation, Stephen W. Holohan and Joyce J. Pearson for Plaintiff and Appellant.

John A. Perry, in pro. per.; Law Offices of Robert E. Weiss and John A. Perry for Defendants and Respondents.

_____

Jacob Valenzuela sued John Perry and Robert E. Weiss Incorporated (collectively, Perry) for negligent performance of contract and negligent misrepresentation in connection with Perry's settlement of a previous interpleader action.  The interpleader action sought to resolve competing claims by Valenzuela and his siblings over the surplus proceeds from the foreclosure sale of a property.  Perry represented the foreclosure trustee.  Valenzuela alleged Perry failed to provide him notice of the interpleader action, he never agreed to the settlement, and Perry improperly disbursed his share of the surplus to others.  The trial court granted Perry's special motion to strike under Code of Civil Procedure section 425.16,[1] the anti-strategic lawsuit against public participation (anti-SLAPP) statute.  We affirm the trial court's order granting the anti-SLAPP motion.

## PROCEDURAL BACKGROUND

Barrett Daffin Frappier Treder & Weiss, LLP (the foreclosure trustee) effected a foreclosure sale of a property in Pacoima.  The foreclosure sale resulted in a surplus of $105,085.39, and Perry sent notice of the surplus on behalf of his client to the titleholder of the property, Pedro Valenzuela, Surviving Trustee of the Valenzuela Family Revocable Living Trust Under Declaration of Trust Dated March 30, 1993.

Attorney Bennett A. Rheingold responded, informing Perry that Pedro[2] was deceased and that Rheingold represented three

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     For ease of reference, we will refer to the members of the Valenzuela family by their first names.

of Pedro's heirs with claims to the surplus: Sarah Valenzuela, John Valenzuela, and Christina Valenzuela. A fourth heir, Vincent Valenzuela, was not represented by Rheingold but also claimed a share of the surplus. Perry filed an interpleader action on behalf of the foreclosure trustee seeking resolution of the competing claims. The defendants named in the interpleader action were the four heirs then known to Perry: Sarah, John, Christina, and Vincent. After Rheingold negotiated a settlement between his clients and Vincent, Perry drafted a settlement agreement for their review.

Rheingold then informed Perry of the existence of a fifth heir, Valenzuela. Rheingold advised Perry he represented Valenzuela, and the four other heirs had agreed to redistribute the surplus to accommodate the new claim. Perry revised the settlement agreement to include Valenzuela but misidentified Valenzuela as a named defendant in the interpleader action when he was not. Perry later explained it was a typographical error, which the trial court credited. Perry signed the agreement on behalf of his client and approved it "as to form and content." After Perry received the settlement agreement with signatures from all parties, including Valenzuela, he disbursed the surplus proceeds, issuing checks to Rheingold's client trust account and to Vincent. He then dismissed the interpleader action.

On June 11, 2019, Valenzuela filed suit against Sarah, Rheingold, Perry, and others.[3] He alleged he did not know about

---

[3] Valenzuela also named Arturo Olivas and PCC Real Estate Solutions, Inc. as defendants. He alleged they were retained by Rheingold to distribute the proceeds of the settlement agreement. They are not parties to this appeal.

3

the interpleader action, he did not authorize the settlement, and his signature on the settlement agreement was a forgery. He further alleged his portion of the surplus was improperly given to Sarah by Rheingold and he did not receive any of the surplus funds.

Valenzuela alleged causes of action against Perry for negligent performance of contract and negligent misrepresentation. As to the negligent performance of contract claim, Valenzuela alleged Perry failed to provide notice of the interpleader action to Valenzuela, failed to ensure the heirs each filed formal claims, and failed to ensure Valenzuela was actually represented by Rheingold. As to the negligent misrepresentation cause of action, Valenzuela alleged Perry misrepresented that he was a named defendant in the interpleader action when he was not.

Perry filed a special motion to strike the allegations against him pursuant to the anti-SLAPP statute. The trial court granted Perry's motion in a six-page, single-spaced order. The court found Valenzuela's claims against Perry arose from protected activity and Valenzuela failed to demonstrate a probability of prevailing on his claims as required by section 425.16, subdivision (b). Valenzuela appealed.

## DISCUSSION

Valenzuela's appeal rests on his assertion that Perry failed to provide him notice of the interpleader action, thus depriving him of the opportunity to be heard in the litigation and to participate in the settlement. According to Valenzuela, this lack of notice violates his due process rights, which renders the anti-SLAPP statute invalid and inapplicable to his claims against Perry. Additionally, the lack of notice, coupled with the false

4

statement that Valenzuela was a named defendant, constituted extrinsic fraud, which is an exception to the litigation privilege that would otherwise insulate Perry from liability.

In his briefing, Valenzuela ignores the traditional two-step anti-SLAPP analysis. We decline to follow his lead and employ the two-step analysis to affirm the trial court's anti-SLAPP order. We first address Valenzuela's due process argument, however, to determine whether the anti-SLAPP statute is valid and applies to this case.

## I. The Anti-SLAPP Statute Is Valid and Applies to This Case

Valenzuela argues Perry violated his due process rights under the federal and state Constitutions when he failed to serve the summons and complaint on Valenzuela, and thereafter failed to provide notice of the litigation to him and give him the opportunity to participate in it. Although he conflates the arguments in confusing ways, we understand Valenzuela to make two separate arguments based on his due process claim: (1) the anti-SLAPP statute is invalidated because it conflicts with constitutional due process, and (2) the anti-SLAPP statute is inapplicable to the claims against Perry. We find neither argument convincing.

Valenzuela has presented no authority for the first argument that the anti-SLAPP statute is invalid. He merely cites to *Monster, LLC v. Superior Court* (2017) 12 Cal.App.5th 1214, 1231, which sets forth the general proposition that a statute is invalid to the extent it conflicts with the Constitution. The Supreme Court, however, has not invalidated the anti-SLAPP statute on constitutional grounds. Instead, it "considered and rejected the suggestion that the anti-SLAPP statute unduly

burdens plaintiffs' access to courts." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 740, fn. 8.)

Valenzuela also argues the violation of his due process rights constitutes an exception to the anti-SLAPP statute, relying on *Flatley v. Mauro* (2006) 39 Cal.4th 299, 320 (*Flatley*) and *Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1169. Those cases hold criminal conduct that is conceded by the defendant or conclusively established by the evidence is not protected under the anti-SLAPP statute. We decline to extrapolate the criminal conduct exception from these cases to create a new exception for alleged due process violations that are not conceded or conclusively established.

As we set out below, there is no factual or legal support for the argument that Valenzuela's due process rights were violated in this case. The record shows Perry relied in good faith on Rheinhold's assurance he represented Valenzuela. Additionally, the foreclosure statute does not require Perry to serve Valenzuela with the summons and complaint in the interpleader action or otherwise provide notice to a potential claimant who is ostensibly represented by an attorney.

## II. The Anti-SLAPP Motion Was Properly Granted

Having rejected Valenzuela's challenge to the validity of the anti-SLAPP statute and its application to this case, we now consider whether Perry's motion was properly granted. We find it was.

### A. The Anti-SLAPP Statute

"In evaluating an anti-SLAPP motion, the trial court first determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056

6

(*Rusheen*).) "It is well established that the protection of the anti-SLAPP statute extends to lawyers and law firms engaged in litigation-related activity." (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113.) Section 425.16, subdivision (e)(2), in particular, protects "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law . . . ." (§ 425.16, subd. (e)(2).) "A defendant's burden on the first prong is not an onerous one. A defendant need only make a prima facie showing that the plaintiff's claims arise from the defendant's constitutionally protected free speech or petition rights. [Citation.]" (*Optional Capital, Inc.*, *supra*, at p. 112.)

"If the court finds the defendant has made the threshold showing, it determines then whether the plaintiff has demonstrated a probability of prevailing on the claim. [Citation.]" (*Rusheen, supra,* 37 Cal.4th at p. 1056.) To show a probability of prevailing, the opposing party must demonstrate the claim is legally sufficient and supported by a sufficient prima facie showing of evidence to sustain a favorable judgment if the evidence it has submitted is credited. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.)

We review a trial court's determination of an anti-SLAPP motion de novo. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) " 'An anti-SLAPP motion is an evidentiary motion.' [Citation.] Consequently, '[t]he prima facie showing of merit must be made with evidence that is admissible at trial. [Citation.] Unverified allegations in the pleadings or averments made on information and belief cannot make the showing. [Citations.]' " (*Contreras v. Dowling* (2016)

7

5 Cal.App.5th 394, 405 (*Contreras*).) Thus, " 'we neither "weigh credibility [nor] compare the weight of the evidence. Rather, . . . [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citations.]' " (*Flatley, supra,* 39 Cal.4th at pp. 325–326.)

### B  Vasquez's Claims Against Perry Arose From Protected Activity

Vasquez does not dispute his claims against Perry arose entirely from the interpleader action and its settlement. As to his negligent performance of contract claim, Valenzuela alleged Perry had "a duty to use such skill, prudence, and diligence as a member of the legal profession commonly possesses and exercises in providing the legal services relating to drafting, signing, and enforcement of the Settlement Agreement at all times alleged in the complaint." Valenzuela further alleged as to the negligent misrepresentation claim that Perry "misrepresented in the Settlement Agreement that Plaintiff was named as a defendant in the Interpleader action and a party to the Settlement Agreement." "The statement in the Settlement Agreement that Plaintiff was a defendant in the Interpleader action was not true. The statement was made without reasonable ground for belief that it was true."

It is clear the misrepresentation and conduct complained of were "made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law . . . ." (§ 425.16, subd. (e)(2); *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 963 ["settlement negotiations are an exercise of the right to petition and statements made as part of

8

such negotiations are in connection with the underlying lawsuit for purposes of section 425.16, subdivision (e)(2)"]; *GeneThera, Inc. v. Troy & Gould Professional Corp.* (2009) 171 Cal.App.4th 901, 907.)

Valenzuela relies on Perry's misstatement in the settlement agreement about Valenzuela's status as a defendant to argue Perry's conduct was not protected activity because it was fraudulent. However, a finding of protected activity arises "even against allegations of fraudulent promises made during the settlement process." (*Suarez v. Trigg Laboratories, Inc.* (2016) 3 Cal.App.5th 118, 123.)

## C. Valenzuela Failed to Demonstrate a Probability of Prevailing

We now consider whether Valenzuela demonstrates a probability of prevailing on his claims against Perry. Valenzuela cannot meet this burden because the litigation privilege is an absolute defense to his claims and, in any event, Valenzuela has failed to state a claim against Perry for negligent performance of contract and negligent misrepresentation.

### 1. The Litigation Privilege Bars Valenzuela's Claims Against Perry

"The litigation privilege is . . . relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing. [Citations.]" (*Flatley, supra,* 39 Cal.4th at p. 323.) The principal purpose of the litigation privilege, set forth in Civil Code section 47, is to afford litigants, attorneys, and witnesses the utmost freedom of access to the courts without fear of being harassed later by derivative tort actions. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 213 (*Silberg*).) Thus, it is applied broadly to

9

all tort actions except malicious prosecution claims. (*Ibid.*) The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Id.* at p. 212.) Whether a plaintiff has made a prima facie showing of his ability to overcome the litigation privilege is "a factual question that will require evaluation of plaintiffs' proffered evidence . . . ." (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 286.)

The litigation privilege applies here because Valenzuela's claims against Perry involve communications made in a judicial proceeding (the interpleader action) by a participant authorized by law (attorney Perry) to achieve the object of the litigation (to resolve the heirs' competing claims) that is logically related to the action. Also, Valenzuela does not assert a malicious prosecution cause of action against Perry.

Valenzuela argues the litigation privilege does not apply due to extrinsic fraud, which the Supreme Court has indicated is an exception to the privilege.[4] (*Silberg, supra,* 50 Cal.3d at p. 212.) Valenzuela claims the lack of notice constitutes extrinsic

---

[4] Valenzuela also contends the litigation privilege statute is invalid because it conflicts with the Constitution, citing to *Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 961. *Jacob B.* does not support Valenzuela's claim. It instead held "the litigation privilege applies even to a constitutionally based privacy cause of action." (*Ibid.*) We reject this argument for the same reason we rejected it as to the anti-SLAPP statute; Valenzuela has provided no authority for this proposition.

fraud. (*Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 832.) According to Valenzuela, Perry did not serve him with notice of the interpleader action. Instead, Perry falsely identified Valenzuela as a defendant in the settlement agreement who had notice of the interpleader action and an opportunity to participate in it.

Even assuming the misstatement in the settlement agreement amounts to fraud, rather than a typographical error, the litigation privilege still applies.[5] In *Rusheen, supra,* 37 Cal.4th at page 1058, the cross-complainant alleged the attorney cross-defendant obtained a default judgment against him in a previous action by filing a false declaration of service of process. According to the cross-complainant, he was never served with the summons or complaint in the previous action. The Supreme Court held the communicative act of filing an allegedly false declaration of service of process fell within the litigation privilege. (*Ibid.*; see *Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 [the litigation privilege applies to allegations of fraud in connection with a settlement].) We follow *Rusheen* to apply the litigation privilege here.

---

[5] At oral argument, Valenzuela asserted Rheingold's signature block in the settlement agreement showed he only represented Sarah, John, and Christina, not Valenzuela. Valenzuela argued, for the first time, that this was further evidence of extrinsic fraud and urged us to disregard Perry's declaration. Even if we ignore the long-established procedural rule that issues first raised at oral argument are forfeited (*Collins v. Navistar, Inc.* (2013) 214 Cal.App.4th 1486, 1508), this purported fraud does not change our analysis.

11

We further decline to credit Valenzuela's claim because he failed to proffer any admissible evidence of extrinsic fraud. (*Contreras, supra,* 5 Cal.App.5th at p. 405.) Valenzuela's causes of action against Perry sound in negligence rather than fraud, and he failed to submit any declarations or other evidence to oppose the anti-SLAPP motion. The evidence in the record demonstrates that at the time the interpleader action was filed, Perry did not know Valenzuela had a claim to the surplus. When he was alerted to Valenzuela's existence, Perry relied in good faith upon Rheingold's assurance that he represented Valenzuela and that Valenzuela signed the settlement agreement. Valenzuela provides no evidence to the contrary.

Moreover, the law does not require a foreclosure trustee search for or investigate potential claimants to a surplus to provide them notice.[6] Civil Code section 2924j, subdivision (a) specifies notice of any surplus from a foreclosure sale must be made "to all persons with recorded interests in the real property as of the date immediately prior to the trustee's sale who would be entitled to notice pursuant to subdivisions (b) and (c) of [Civil Code] [s]ection 2924b."[7] " '[A] trustee owes no duty to provide

---

[6]    We question whether Perry is the proper defendant in this matter because the law imposes duties on the foreclosure trustee, not its attorney, in connection with a foreclosure sale and disbursement of surplus proceeds. However, Perry does not assert this as a basis to affirm the trial court's anti-SLAPP order.

[7]    Subdivisions (b) and (c) of section 2924b of the Civil Code " 'specify those persons to whom a trustee must mail a default notice. First, section 2924b, subdivision (b)[,] requires a trustee to give notice to (1) the trustor or mortgagor at his or her last known address if different than the address specified in the deed

12

notices to any person unless the trust deed or the statute specifically provides for such notice.' " (*Banc of America, supra,* 180 Cal.App.4th at p. 1097; *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 288–289 [foreclosure trustee was not required to conduct a search for the trustor's current address where the trustor had failed to notify the trustee it had moved]; *Cal–Western Reconveyance Corp. v. Reed* (2007) 152 Cal.App.4th 1308, 1322–1323, [trustor's former attorney not entitled to notice under Civil Code section 2924j despite having filed notice of fee lien against trustor's eventual surplus recovery because the lawyer was not a party to the action and "not among those persons 'with recorded interests' " immediately prior to trustee's sale].)

---

of trust, and (2) to those persons who had recorded a statutory request for notice. Second, section 2924b, subdivision (c)[,] requires a trustee to give notice to several categories of parties, including "the successor in interest, as of the recording date of the notice of default, of the . . . interest . . . being foreclosed." Section 2924b, subdivision (c)(1) requires this additional notice, however, only if the party acquired the interest "by an instrument sufficient to impart constructive notice of the . . . interest in the land . . . and provided the instrument is recorded in the office of the county recorder so as to impart that constructive notice prior to the recording date of the notice of default and provided the instrument as so recorded sets forth a mailing address which the county recorder shall use, as instructed within the instrument, for the return of the instrument after recording . . . ." ' [Citation.]" (*Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.* (2009) 180 Cal.App.4th 1090, 1097–1098 (*Banc of America*).)

13

Valenzuela presented no evidence he had a recorded interest in Pedro's property prior to the trustee's sale to entitle him to notice under Civil Code section 2924j. Nor does he provide any evidence the trust deed requires such notice. Instead, the record shows Perry properly provided notice to Pedro, the trustor, as required by Civil Code section 2924j, subdivision (a). Then, Perry provided notice to Valenzuela through Rheingold, whom Perry believed to be Valenzuela's attorney, of the settlement. Having failed to proffer any evidence to support his claim of extrinsic fraud, Valenzuela's claims against Perry are barred by the litigation privilege.

2. **Valenzuela Has Failed to State a Claim for Negligent Performance on Contract or Negligent Misrepresentation**

Perry asserts Valenzuela has not stated a cause of action against Perry and thus has failed to demonstrate a probability of prevailing on this basis. Valenzuela does not address this issue. We may consider this issue waived by Valenzuela. (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)

In any case, Valenzuela has not shown a probability of prevailing on the merits as to his causes of action against Perry. To prevail on claims for negligent performance of contract and negligent misrepresentation, Valenzuela must show Perry owed him a duty of care. (*North American Chemical Co. v. Superior Court* (1997) 59 Cal.App.4th 764, 775 [negligent performance of contract arises from a breach of duty growing out of the contract]; *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 864 ["As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person."].)

The only duty Valenzuela identifies on appeal is Perry's purported duty to serve him with notice of the interpleader action.  As discussed above, he offers no factual or legal basis for the proposition that Perry owed him this duty.

## DISPOSITION

The order granting Perry's anti-SLAPP motion is affirmed. Perry to recover his costs on appeal.


BIGELOW, P. J.

We concur:


STRATTON, J.


WILEY, J.


15