Lelar M. LaGRONE, Plaintiff-Appellee,

v.

Alan H. JOHNSON et al.,
Defendants-Appellants.

No. 74–2131.

United States Court of Appeals,
Ninth Circuit.

April 21, 1976.

Saul N. Ross (argued), of Ross, Hackett & Segal, San Bruno, Cal., for defendants-appellants.

Irving L. Berg (argued), San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and GRAY,* District Judge.

PER CURIAM:

Alan and Laura Johnson and Sanco Investment & Loan Company (Sanco) appeal from a grant of summary judgment to Lelar M. LaGrone in an action to rescind a consumer credit transaction pursuant to section 125 of the Truth in Lending Act, 15 U.S.C. § 1635.

Mrs. LaGrone owned a duplex, in which she resided, subject to first and second deeds of trust. She solicited Sanco to secure a loan to prevent foreclosure on the second deed of trust. Sanco brokered a loan agreement between the Johnsons and Mrs. LaGrone, pursuant to which Mrs. LaGrone gave the Johnsons a security interest in her duplex. Various documents were exchanged by the parties, including a note and deed of trust and a disclosure statement notifying Mrs. LaGrone of her right to rescind and explaining that right.

Mrs. LaGrone defaulted on the loan. The Johnsons foreclosed their lien, obtaining title to the duplex at a trustee's sale. One week later the Johnsons deeded the property back to Mrs. LaGrone upon the signing of a new loan agreement identical to the first.

Mrs. LaGrone defaulted on the second loan agreement. She also became delinquent on the note and first deed of trust, and the holder commenced foreclosure proceedings. The Johnsons advanced an additional $5,000 to prevent foreclosure of the first deed of trust and to protect their security interest.

The Johnsons eventually initiated foreclosure proceedings on their loan and a trustee's sale was set. Mrs. LaGrone prevented the sale by filing this action for rescission, civil penalties, and attorneys' fees under the Truth in Lending Act. Prior to entry of judgment, Mrs. LaGrone declared bankruptcy. During the proceedings in the district court, plaintiff's counsel conceded that civil damages were barred by the one-year statute of limitations in 15 U.S.C. § 1640(e), and the district court held that Mrs. LaGrone was entitled to rescission. The judgment voided the Johnsons' security interest in the duplex, held that Mrs. LaGrone was entitled to recover $1,153.75 from Sanco, and that the Johnsons were entitled to recover $11,008.70 from Mrs. LaGrone. The district court did not condition cancellation of the Johnsons' security interest on payment of the amount owed them by Mrs. LaGrone. The judgment thus left the Johnsons as unsecured creditors in Mrs. LaGrone's intervening bankruptcy proceeding.

Two issues are presented: whether the rescission by Mrs. LaGrone was timely; and whether the district court should have conditioned rescission on return by Mrs. LaGrone of the monies advanced by the Johnsons. We affirm the finding that rescission was timely, but hold that rescission should be conditioned on repayment.

Under 15 U.S.C. § 1635(a), when a security interest (other than a first lien to finance acquisition) is acquired in real property which is the residence of the person to whom credit is extended,

> the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction *or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later* . . . [emphasis added]

Appellants delivered "the disclosures required under this section" by notifying Mrs. LaGrone of the right of rescission and pro-

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

viding the forms for exercising that right. The district court concluded, however, that appellants failed to make "all other material disclosures," and that the three-day period therefore did not run.

The district court found three material omissions in the data given to Mrs. LaGrone by appellants:

1. The note and deed of trust contained an acceleration clause which was not set forth in the broker's statement as required by 12 C.F.R. §§ 226.8(a), 226.8(b)(4).

2. The amount financed was not labeled and disclosed in the broker's statement as required by 28 U.S.C. § 1639(a)(1) and 12 C.F.R. § 226.8(d)(1).

3. The broker's statement included information not required to be disclosed by the Act, and the additional data was not clearly delineated from mandatory data as required by 12 C.F.R. § 226.6(c).

■ Appellants argue that the acceleration clause was disclosed in the note itself though not in the broker's statement, and that by the terms of 15 U.S.C. § 1639(b) this is sufficient. We held to the contrary in *Ljepava v. M. L. S. C. Properties, Inc.,* 511 F.2d 935, 942 (9th Cir. 1975), on the ground that the borrower may not be required to "examine several documents to learn the terms of the loan agreement."

■ Appellants concede that the disclosure statement did not state the "amount financed," labeled as such, but argue the information from which the amount could be readily calculated was disclosed. That is not enough. Absence of the specifically required designation is in itself fatal. *Palmer v. Wilson,* 502 F.2d 860, 861 (9th Cir. 1974).

■ We reach the same conclusion with respect to the failure to clearly delineate the additional information included in the broker's statement. Appellants argue that failure to comply with 12 C.F.R. § 226.6(c)(1) or (2) is a matter of form only. But it is the intent of the statute that borrowers shopping for credit shall have a standardized method of comparing costs and terms of credit. If lenders were permitted to include additional information in any form they wish, unsophisticated consumers would be handicapped in making ready comparisons.

■ We agree with the district court that the three omissions were material. The three-day period for rescission therefore did not run, and the notice of rescission filed by Mrs. LaGrone was timely. *See Ljepava v. M. L. S. C. Properties, Inc., supra,* 511 F.2d at 944; *Sosa v. Fite,* 498 F.2d 114, 118 (5th Cir. 1974).

■ We conclude, however, that the district court erred in not conditioning rescission on the tender of the net amounts advanced by the Johnsons. The discretion of the court to impose this condition is settled. *Palmer v. Wilson, supra,* 502 F.2d at 862; *Ljepava v. M. L. S. C. Properties, Inc., supra,* 511 F.2d at 944. We reject appellee's argument that this option is available only when both rescission and damages are at issue. The complaint in this case sought both remedies, but the civil penalty was barred by a one-year statute of limitations. Mrs. LaGrone should not be permitted to attain a preferred position with respect to rescission by waiting until the statute of limitations has run on the civil penalty. More important, it would be arbitrary to apply equitable principles to ameliorate unduly harsh penalties only if damages are sought. In this case the violations of the Act were not egregious and the equities heavily favor the creditors. Rescission therefore should have been conditioned on a tender by Mrs. LaGrone of the $11,008.70 advanced by the Johnsons.

Reversed and remanded for further proceedings.