John R. CELONA, Jr. and Marion M. Celona, Plaintiffs,

v.

## EQUITABLE NATIONAL BANK, Defendant.

### No. 88–7664.

United States District Court, E.D. Pennsylvania.

April 12, 1989.

---

Richard J. Friedman, Community Legal Services, Philadelphia, Pa., Philip A. Bertocci, for plaintiffs.

Howard Greenberg, Philadelphia, Pa., for defendant.

## MEMORANDUM AND OPINION

HUTTON, District Judge.

John R. Celona, Jr. and Marion M. Celona (hereinafter "Appellees") filed a Chapter 13 Bankruptcy Petition, Bankruptcy No. 87–02452S, in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Equitable National Bank (hereinafter "Appellant") filed a Secured Proof of Claim. Appellees objected to Appellant's Secured Proof of Claim and sought remedies pursuant to the Truth–In–Lending Simplification Act (hereinafter "TILA"), 15 U.S.C. § 1601 *et seq.* and Regulation Z of the Federal Reserve Board 12 C.F.R. Sec. 226.1 *et seq.* (hereinafter "Reg. Z"), as amended. On August 29, 1988, the Bankruptcy Court entered judgment in favor of Appellees, 90 B.R. 104.

Upon the reasoning set forth in the following memorandum, I will AFFIRM the Bankruptcy Court.

## FACTS

On July 23, 1985, Appellees purchased a Jeep Wagoneer automobile from Victory AMC/Jeep, Inc. for the price of $4,903.34. In order to finance the purchase, Appellees executed a secondary mortgage loan contract, a mortgage, and a TILA disclosure statement reflecting that they received the net sum of $5,197.50.

On May 19, 1987, the Appellees filed a voluntary petition in bankruptcy (Chapter 13, Bankruptcy No. 87–02452–S). On June 30, 1987, Appellant filed a Proof of Claim asserting secured status by virtue of the July 23, 1985 mortgage.

Prior to the conclusion of the bankruptcy proceedings, Appellees sent Appellant a notice of rescission of the July 24, 1985 loan transaction pursuant to Section 1635 of the TILA. The Appellant received the notice of rescission on March 11, 1988 and never responded.

On March 23, 1988, the Appellees commenced an adversary proceeding in which they objected to Appellant's proof of claim on the ground that Appellant's mortgage and security interest was void because of TILA violations. On August 29, 1988, the Bankruptcy Court issued an Opinion and Order concluding that the Appellant had committed two material violations of the Truth–In–Lending Act and ordered the Appellant to satisfy the mortgage and void its security interest. In addition, the Bankruptcy Court ordered the Appellant to return all money or property received from the Appellees pursuant to the loan transaction and awarded the Appellees $1,000 in statutory damages. The Appellees' "tender back" obligations became an unsecured debt.

Appellant claims that the Bankruptcy Court committed error in concluding: (1) that rescission of the loan transaction and voiding of Appellant's security for repayment of the loan need not be conditioned upon Appellee's repayment of the outstanding balance of the said loan; and (2) that Chapter 13 debtors may exercise TILA rescission rights without the prior approval

of the Bankruptcy Court upon notice and hearing to all creditors.

## DISCUSSION

In reviewing decisions of the Bankruptcy Court, the district court must evaluate findings of fact under the clearly erroneous standard. Bankr.R. 8013; *In re Morrissey,* 717 F.2d 100, 104 (3d Cir.1983). Findings of fact are clearly erroneous where the findings are without substantial evidence to support them. *Merchants National Bank v. Dredge General G.L. Gillespie,* 663 F.2d 1338, 1341 (5th Cir.1981). When there are two or more permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Thus, findings of fact will not be disturbed unless we are left with a definite and firm conviction that a mistake has been made by the Bankruptcy Court. *Brager v. Blum,* 49 B.R. 626 (E.D.Pa.1985); *In re Philadelphia Consumer Discount Co.,* 37 B.R. 946 (E.D.Pa.1984). The clearly erroneous standard, however, does not apply to the Bankruptcy Court's conclusions of law which we must review under a *de novo* or plenary standard. *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir.1986); *Universal Minerals v. C.A. Hughes & Co.,* 669 F.2d 98, 103 (3d Cir. 1981).

With respect to consumer loan transactions, Congress passed the Truth–In–Lending Simplification and Reform Act of 1980, 15 U.S.C. § 1601 *et seq.* The purpose of the Act is to establish a strong national policy of protecting consumers whose residences may be jeopardized by operation of a security interest acquired by creditors. Truth in Lending Regulations, Regulation Z, § 226.15(b), 15 U.S.C.A. foll. § 1700.; *Abele v. Mid–Penn Consumer Discount,* 77 B.R. 460 (E.D.Pa.1987), affirmed 845 F.2d 1009 (3d Cir.1988). The Act mandates that consumers be provided with certain material disclosures concerning credit terms and a right to rescind loan transactions three business days after consummation or three business days after delivery of the material TILA disclosures, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to comply with any material disclosure requirement provided by the Act, the consumer's right to rescind continues for three years. 15 U.S.C. § 1635(f); *Reid v. Liberty Consumer Discount Co. of Pennsylvania,* 484 F.Supp. 435 (E.D.Pa. 1980).

The TILA provides that when an obligor exercises his right to rescission, he is not liable for any finance or other charge and any security interest given by the obligor becomes void upon the rescission. 15 U.S. C. § 1635(b). Upon receipt of the rescission notice the creditor must return any down payment or other monies it received from the obligor and take the steps necessary to reflect the termination of the security interest. Thereafter, the obligor is to return to the creditor the property he received or its reasonable value. If the creditor does not take possession of the property within twenty days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

In the instant case, the Appellant contends that the Bankruptcy Court has the power to exercise equitable discretion to so condition a TILA rescission upon repayment. The Appellant cites non-bankruptcy cases which support its position.

In *Aquino v. Public Finance Consumer Discount Company,* 606 F.Supp. 504 (E.D. Pa.1985), the court held that where equity demands, a rescission may be conditioned upon the return of property by the obligator. The *Aquino* Court noted that a creditor could ignore its obligation under § 1635(b) when it is no longer assured of receiving its legal due from debtors who have announced their intention to make only partial restitution. *Id.* at 508. Similarly, in *Curry v. Fidelity Consumer Discount Co.,* 656 F.Supp. 1129, 1133 (E.D.Pa. 1987), the court conditioned rescission on debtor's payment of the loan proceeds not already paid.[1]

Although there may be some validity in Appellant's argument in a non-bankruptcy context, that validity is lost when Bank-

---

1. Appellant also cited, *LaGrone v. Johnson,* 534 F.2d 1360 (9th Cir.1976), in a bankruptcy con-

ruptcy Court imposes its requirements. *In Re Chancy*, 33 B.R. 355, 356–57 (Bankr. N.D.Okla.1983) citing *Cf. Riggs v. Gov't Employees Financial Corp.*, 623 F.2d 68, 74 (9th Cir.1980). Judicial preconditioning of cancellation of the creditor's lien on the customer's tender is inappropriate in bankruptcy cases.[2] In *In Re Piercy*, 18 B.R. 1004, 1007 (Bankr.W.D.Ky.1982), the court held that "it would be palpably unfair to deny the relief to which a consumer is entitled under TILA because that consumer has also availed himself of bankruptcy relief." The *Piercy* Court explained:

> In a non-bankruptcy setting, the rights and duties of the parties upon TILA rescission are clear and absolute. Each party must make the other as whole as he would have been had the contract never been entered into. In the absence of bankruptcy, there is no legal impediment to either party doing what is required to restore the status quo ante.

 In bankruptcy cases, equitable discretion in TILA rescissions is limited. A TILA rescission does not require the tender of consideration as an equitable prerequisite of rescission. Regulation Z, Section 226.23(d)(4) specifies that only "procedures outlined in paragraphs (d)(2) and (3) of this Section may be modified by court order." 12 C.F.R. § 226.23(d)(4). The Bankruptcy Court properly found that it lacked the equitable discretion to condition the voiding of the security interest or cancellation of the finance charges.

In the present case, the Bankruptcy Court, after finding that the Appellant had committed material violations of TILA, ordered the loan rescinded, directed Appellant to credit the Appellees for the $1,177.90 that Appellees had paid Appellant and granted Appellees $1,000 in statutory damages. The Court also ordered that the Appellees were obligated to pay $2,426.10

to Appellant. The said amount was to be treated as an unsecured debt. It is this Court's view that the Bankruptcy Court properly applied Appellees' substantive TILA rights.

 Appellant provides no authority for its contention that a consumer must obtain prior Bankruptcy Court approval prior to exercising his right to rescind. Appellant asserts that the exercise of a TILA rescission right is a "use, sale or lease other than in the ordinary course of business" of property of the estate. 11 U.S.C. § 363(b)(1). Appellant states that the exercise of the right to rescind the contract constitutes a "use, sale or lease" of the estate. Absent statutory authority, case law and legal reasoning in support of this argument, this Court must reject this novel contention and find that appellees were not barred from rescinding their loan without prior authorization of the Bankruptcy Court and upon notice and hearing.

Therefore, the Bankruptcy Court's Order is hereby AFFIRMED.

---

text, held that rescission could be conditioned on debtor's tender to creditor. In *LaGrone,* the court departed from the statutory and regulatory scheme set forth in Regulation Z and the *Staff Commentary.* This departure, however, was prior to the United States Supreme Court's decision in *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), which accorded great deference to the Federal Reserve Board Official Staff Commenta-

ry on Regulation Z and thus *LaGrone* is not persuasive.

**2.** Courts have distinguished the contrary cases as not involving bankruptcy proceedings. *See, In re Chancy,* 33 B.R. 355 (Bankr.N.D.Okla. 1983); *In re Wright,* 11 B.R. 590 (Bankr.S.D. Miss.1981).