**Michael REYNOLDS and Cheryl Reynolds, Plaintiffs,**

v.

**D & N BANK, Defendant.**

**Civ. A. No. 91–CV–40372–L.**

United States District Court,
E.D. Michigan, S.D.,
at Flint.

Feb. 5, 1992.

Peter L. Bagley, UAW–GM Legal Services Plan, Flint, Mich., for plaintiffs.

W. Schuyler Seymour, Jr., Daniel, Seymour, Ruhala & Grossman, P.C., Flint, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiffs' Motion for Summary Judgment. Plaintiffs filed their motion on October 22, 1991. After expiration of the filing deadline, defendant filed a Response on November 19, 1991. A hearing was held on November 21, 1991. Following the hearing, the Court ordered the parties to supplement the record, detailing and clarifying the issues raised in this motion. Plaintiffs filed a supplemental brief on December 5, 1991 to which defendant failed to respond. For the reasons that follow, plaintiffs' motion is GRANTED.

This action arises under the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111 *et seq.* Plaintiffs, Michael and Cheryl Reynolds, are consumer borrowers seeking rescission of a home improvement loan and damages under the TILA. On April 13, 1990, plaintiffs and defendant entered into an installment contract to finance the installation of windows into plaintiffs' home. On the same day, the parties also entered into a mortgage securing the installment contract. Plaintiffs made 13 monthly payments for a total of $3,207.62 [1] before "financial difficulties" made it impossible for them to make further payments to defendant (plaintiffs' Motion at 2).

On June 18, 1991, fourteen months after entering into the contract and mortgage, plaintiffs rescinded the contract pursuant to the TILA, demanding cancellation of the mortgage and refund of all monies paid (plaintiffs' Motion at 2; *see* letter of rescission, plaintiffs' Motion at exh. C). Plaintiffs claim that pursuant to 12 C.F.R. § 226.23(a)(3), because defendant did not provide plaintiffs with a proper Notice of

---

1. According to the installment contract, the total amount due was $20,726.16, on a principal mortgage loan of $13,287.77 (*see* "Installment Contract," plaintiffs' Motion at exh. A; "Mortgage," plaintiffs' Motion at exh. B).

Right to Rescind at the time of the sale or at any time thereafter, as required by 15 U.S.C. § 1635(a) and in compliance with the requirements of 12 C.F.R. § 226.23(b), plaintiffs are entitled to rescind the contract even at this late date (*see* plaintiffs' Motion at 2). Plaintiffs also seek relief for defendant's alleged failure to comply with M.C.L. § 445.113. Because defendant failed to comply with plaintiffs' demand, plaintiffs filed this action to enforce the rescission and to obtain actual and statutory damages under the TILA.

Section 1635 of the TILA provides that the obligor shall have three days from the date of (1) the transaction or (2) the delivery of the information and rescission forms required by that section and the enforcing regulations, whichever is later, to rescind the contract. 15 U.S.C. § 1635(a). Section 1635 requires creditors to "clearly and conspicuously disclose, *in accordance with regulations of the Board,* to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, *in accordance with regulations of the Board,* appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section." 15 U.S.C. § 1635(a) (emphasis added). The statute clearly indicates that creditors shall provide to obligors notice of their rights of rescission and the forms for which to exercise those rights, in the manner prescribed by the regulations of the Board.

█ The TILA notice requirements with respect to the right of rescission are set forth in Regulation Z, specifically at 12 C.F.R. § 226.23(b). That section provides:

(b) *Notice of right to rescind.* In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) the effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

12 C.F.R. § 226.23(b). Defendant's notice violates this regulation in several ways.[2]

First, the notice ignores the clear requirement of Regulation Z that "the notice shall be on a separate document that identifies the transaction." Notice herein appears on the reverse side of the contract (*see* defendant's Response at exh. B), and at the bottom of the "Agreement" (*see* defendant's Response at exh. C), rather than being provided on a separate document. Such notice does not meet the requirements of 12 C.F.R. § 226.23(b). *Kotrba v. Burlingame Co.,* no. G89–50367–CA at 7 (W.D.Mich. Oct. 12 1989) (copy attached to plaintiffs' supplemental brief at exh. A); *Powers v. Sims and Levin Realtors,* 396 F.Supp. 12, 22 (E.D.Va.1975), *aff'd,* 542 F.2d 1216 (4th Cir.1976) ("The separate statement requirement means that the defendant must provide the consumer with a rescision statement which is not combined on the same sheet of paper with any other disclosure or document, or on the reverse side of any other disclosure or document.").

Second, the notice as provided neglects to inform plaintiffs of the security interest taken in their home (*see* defendant's Response at exhs. B and C). The regulation requires that the notice disclose the security interest in the consumer's home. 12 C.F.R. § 226.23(b)(1). Reference to the security interest on the face of the Home Improvement Installment Contract (defen-

**2.** Photocopies of the Home Improvement Installment Contract, front and back, are provided by defendant in its Response brief at exhibits A and B respectively. A photocopy of a document entitled "Agreement" is provided at exhibit C. Despite the Court's Order of November 25, 1991, defendant has failed to provide the Court with the original documents at issue in this matter.

dant's Response at exh. A) does not meet this requirement. *See Kotrba v. Burlingame Co.,* no. G89–50367–CA at 7.

Third, the notice provided does not adequately describe the effects of rescission as required by 12 C.F.R. § 226.23(b)(4) (*see* defendant's Response at exhs. B and C). Defendant's notice does not state the time period in which defendant must take the necessary steps to "reflect the termination of the security interest." 12 C.F.R. § 226.-23(d)(2). Defendant's notice can be read to inform that any security interest arising out of the transaction will be cancelled within ten business days (*see* defendant's Response at exhs. B and C). It can as easily be read, however, to provide only that "any property traded in, any payments made ... and any negotiable instrument executed" by the Obligor "will be returned within ten (10) business days following receipt by the Seller of [the] cancellation notice." (defendant's Response at exhs. B and C). It is not entirely clear that the ten days mentioned refers also to the cancellation of the security interest.[3] *See Kotrba v. Burlingame Co.,* no. G89–50367–CA at 7–8. Moreover, the notice does not make it clear that the Obligor need not make the goods available to the Seller until after the Seller has complied with § 226.23(d)(2). In light of the fact that Regulation Z contains a model form for the notice of right of rescission, defendant's failure to adequately describe the effects of rescission is inexcusable. *Compare* defendant's Response at exhs. B and C *with* 12 C.F.R. ch. II, Pt. 226, App. H (attached to plaintiffs' supplemental brief at exh. B).

Fourth, the notice provided fails to disclose the date upon which the right of rescission period expires (*see* defendant's Response at exhs. B and C). Such a disclosure is required by 12 C.F.R. § 226.23(b)(5). Although defendant's notice has provided a line on which the date by which the notice of rescission must be sent, defendant failed to fill in the date. Merely providing the date of transaction followed by the statement that "You may cancel this transac-

tion, without penalty or obligation, within three (3) business days from the above date" does not comply with the regulation, particularly when the notice provides for the date to be entered on a separate line which is left blank. Moreover, the date provided—three days following the date of the transaction—is a misrepresentation of the Obligor's rights. As stated at 12 C.F.R. 226.23(a)(3), and as stated in the model form of the right of rescission, the three day period runs from the last of three specified events: (1) the date of the transaction; (2) the date the Obligor received the Truth-in-Lending disclosures; or (3) the date the Obligor received the notice of right to cancel (*see* plaintiffs' supplemental brief at exh. B).

The foregoing establishes that defendant is liable for at least a technical violation of the TILA, if not substantive violations for its deficient notice. Such technical violations of the TILA are sufficient to impose liability upon defendant. *Mars v. Spartanburg Chrysler Plymouth, Inc.,* 713 F.2d 65, 67 (4th Cir.1983); *Kotrba v. Burlingame Co.,* no. G89–50367–CA at 8.

■ Likewise, defendant is liable for violation of the MHSSA. MCL § 445.113(3) requires that: "The Seller shall enter on the blanks in the notice of cancellation the date of transaction, which is the date the Buyer signs the written agreement, and the date for mailing the notice of cancellation." M.C.L. § 445.113(4) states that: "Until the seller has complied with this section, the buyer may cancel the home solicitation sale by notifying the Seller in any manner and by any means of his or her intention to cancel."

The notice provided by defendant both on the reverse side of the Home Improvement Installment Agreement and at the bottom of the "Agreement" are the proper form of notice required under the MHSSA (plaintiffs' supplemental brief at 5). These notices, however, are not completely filled in with the required information (*see* defendant's Response at exhs. B and C). In neither notice provision did defendant pro-

---

**3.** The Court notes that it is without defendant's input into this issue as defendant has failed to make supplemental filings as required by the Court's November 25, 1991 Order.

vide the date for mailing the notice of cancellation. Plaintiffs are entitled to relief under the MHSSA as well as the TILA.

Because defendant failed to comply with 12 C.F.R. § 226.23(a), and with M.C.L. § 445.113, plaintiffs' letter of June 18, 1991 constitutes a valid rescission. The following are the effects of plaintiffs' rescission: (1) the mortgage becomes void; (2) plaintiffs are not liable for any finance or other charges; (3) within twenty days of entry of this order[4] defendant must return any money paid by the borrower;[5] (4) within twenty days defendant must take necessary steps to terminate the mortgage; and (5) plaintiffs may retain possession of any money or property received from defendant until defendant has performed its statutory obligations. 12 C.F.R. § 226.23(d). IT IS HEREBY ORDERED that defendant perform its statutory duties in compliance with 12 C.F.R. § 226.23(d).

For defendant's violation of 15 U.S.C. § 1635, in addition to rescission, defendant is liable for statutory damages and attorney's fees. 15 U.S.C. §§ 1635(g) and 1640(a). Statutory damages under the TILA are twice the finance charge but not less than $100.00 nor more than $1,000.00. 15 U.S.C. § 1640(a)(1). In this case, the finance charge is $7,438.39 (defendant's Response at exh. A). Thus, statutory damages are AWARDED in the amount of $1,000.00. Moreover, pursuant to 15 U.S.C. § 1640(a)(3), plaintiffs' costs and reasonable attorney's fees will be paid by defendant in an amount to be determined by the Court. Within ten days hereof, plaintiffs' counsel is ORDERED to submit an affidavit of costs and attorney's fees incurred by plaintiffs in bringing this action to enforce their rights under the TILA. Defendant will have ten days from the filing of plaintiffs' affidavit in which to file objections to the costs and fees requested therein.

Finally, plaintiffs argue that in addition to the aforementioned relief, they are also entitled to keep possession of the goods purchased without having to pay value of the property to defendant. Plaintiffs' argue that this is an equitable remedy for defendant's failure to fulfill its tender requirements within twenty days of its receipt of plaintiffs' notice of rescission. Such action, taken by the Court, however, would be in conflict with the law of the Sixth Circuit.

In *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir.1980), the Sixth Circuit held that, "[s]ince rescission is an equitable remedy, the court may condition the return of monies to the debtor upon the return of property to the creditor." 622 F.2d at 254. In *Rudisell*, the Court conditioned the rescission and return of monies paid to the debtor on the return by the debtor to the creditor of the reasonable value of the property received. *Id.* (reasoning that debtor could not return the property—aluminum siding—and, therefore, should pay instead a reasonable value therefor). Plaintiffs argue that *Rudisell* is distinguishable because the creditor in that case "was not faced with a clear-cut violation and an obvious obligation to fulfill its tender obligation" (plaintiffs' Motion at 7).

While it is true that defendant in this case clearly had a duty of disclosure to plaintiffs of their right to rescission, to award plaintiffs the windows (a $13,000 value), all payments made, and $1,000 for statutory damages (*see* 15 U.S.C. § 1640(a)(2)(A)) would result in a windfall to plaintiffs. This would not be an equitable result. Plaintiffs' reliance on *In re Celona*, 90 B.R. 104 (Bankr.E.D.Pa.1988), *aff'd*, 98 B.R. 705 (E.D.Pa.1989), is unpersuasive. In *Celona*, the court read 15 U.S.C. § 1635(b) to indicate an obligation on the debtor to tender property received from the creditor *"only* if the creditor ap-

---

**4.** The regulations require the creditor to take the enumerated actions within twenty days of the creditor's receipt of a notice of rescission. 12 C.F.R. § 226.23(d)(2). Here, however, as the right of rescission was not certain to defendant until this time, the twenty day period will run from service upon defendant of this Opinion and Order.

**5.** The period of time provided by M.C.L. § 445.-114 is only ten days; however, the Court is tailoring plaintiffs' relief in conformity with the TILA.

propriately reacts to the rescission by returning the property given and satisfying any security interest taken within twenty days." 90 B.R. at 113 (emphasis in original). Defendant did not do so in this case. Therefore, plaintiffs request that they be allowed to retain possession of the subject property.

As previously stated, plaintiffs' argument is in conflict with Sixth Circuit precedent. Moreover, such a remedy is not contemplated within the statute. Plaintiffs are entitled to rescission of the contract and cancellation of the mortgage. The TILA provides for the imposition of statutory damages as well as costs and attorney's fees. The only indication with regard to the effects of rescission are provided at 12 C.F.R. § 226.23(d). Those regulations indicate that, after the creditor has complied with paragraph (d)(2), the consumer must tender to the creditor any money or property delivered to the consumer. 12 C.F.R. § 226.23(d)(3). Paragraph (d)(2) requires the creditor to return any money or property previously given by the consumer, and to take any action necessary to reflect the termination of the security interest, within twenty days after receipt of a notice of rescission. Because defendant did not comply with paragraph (d)(2), plaintiffs were not required to make tender to defendant.

Now, however, defendant has been ordered to comply with paragraph (d)(2).[6] After defendant has done so, plaintiffs then must make tender as required by paragraph (d)(3). If within twenty days defendant does not take possession of plaintiffs' tender, then, pursuant to paragraph (d)(3), plaintiffs may keep the property without further obligation. 12 C.F.R. § 226.23(d)(3). If plaintiffs wish to keep the property, they may substitute payment of the reasonable value of the property. See *Rudisell*, 622 F.2d at 254.

6. The Court realizes that, technically, defendant can no longer comply with the provisions of 12 C.F.R. § 226.23(d)(2) because it is more than twenty days after defendant's receipt of plaintiffs' notice of rescission. Nevertheless, paragraph (d)(4) provides that "[t]he procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order." Since the

For the foregoing reasons, plaintiffs' Motion for Summary Judgment is GRANTED. As directed herein, defendant is ORDERED to comply with the provisions of the federal Truth in Lending Act, 15 U.S.C. § 1635, and 12 C.F.R. § 226.23(d). Defendant is ORDERED to pay statutory damages, pursuant to 15 U.S.C. § 1640(a), in the amount of $1,000.00. The Court further ORDERS defendant to pay plaintiffs' costs and reasonable attorney's fees, as provided herein.

SO ORDERED.

Court now orders defendant to comply with the procedures of 12 C.F.R. § 226.23(d), the Court also modifies paragraph (d)(2) in this case only so that defendant can comply. Thus, defendant is to take the action required by paragraph (d)(2) within twenty days after the date this Opinion and Order is entered.