Gabriel RODRIGUEZ, Plaintiff,

v.

JP MORGAN CHASE & CO. formally doing business as Washington Mutual BK FA; MTC Financial Inc.; and Does 1–50, Defendants.

Case No. 11–CV–01188–H (POR).

United States District Court, S.D. California.

Aug. 25, 2011.

Gabriel Rodriguez, Chula Vista, CA, pro se.

Alyson M. Dudkowski, Alvarado Smith, Santa Ana, CA, Richard J. Reynolds, Turner Reynolds Greco & O'Hara, Irvine, CA, for Defendant.

## ORDER

### (1) GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND [Doc. Nos. 6, 7]

### (2) DENYING WITHOUT PREJUDICE AS MOOT MTC'S MOTION TO STRIKE [Doc. No. 6]

MARILYN L. HUFF, District Judge.

On June 17, 2011, Defendant MTC Financial Inc. ("MTC") filed a motion to dismiss Plaintiff's complaint and a motion to strike portions of Plaintiff's complaint. (Doc. No. 6.) On July 8, 2011, Defendant JP Morgan Chase & Co. ("JP Morgan") also filed a motion to dismiss Plaintiff's complaint. (Doc. No. 7.) On August 10, 2011, the Court submitted the motion on the papers. (Doc. No. 9.) In addition, on August 10, 2011, the Court noted that Plaintiff had not filed an opposition and ordered the opposition to be filed on or before August 22, 2011. (*Id.*) To date,

Plaintiff has yet to file an opposition. For the reasons below, the Court GRANTS MTC's motion to dismiss the complaint without prejudice, DENIES without prejudice as moot MTC's motion to strike, and GRANTS JP Morgan's motion to dismiss the complaint without prejudice.

### Background

On May 10, 2011, Plaintiff filed a complaint in the San Diego Superior Court against Defendants JP Morgan and MTC, alleging causes of action for (1) violations of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violations of California Civil Code § 2923.6; (5) violations of California Civil Code § 1572; (6) violations of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*; (7) violations of Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* (Doc. No. 1, Compl.) On May 31, 2011, Defendants removed the action to this Court on the basis of federal question and diversity jurisdiction. (*Id.,* Notice of Removal.)

The Court takes judicial notice under Federal Rule of Evidence 201, of the following public documents: (1) Grant Deed recorded on November 26, 2003 with the San Diego County Recorder's Office as instrument number 2003–1419113 (Doc. No. 7–1, Request for Judicial Notice ("RJN") Ex. 1); (2) Deed of Trust recorded on September 18, 2006 with the San Diego County Recorder's Office as instrument number 2006–0662587 (*Id.* Ex. 2); (3) Deed of Trust recorded on October 10, 2006 with the San Diego County Recorder's Office as instrument number 2006–0718568 (*Id.* Ex. 3); (4) the Purchase and Assumption Agreement between the FDIC and JP Morgan Chase Bank, N.A. dated September 25, 2008 (*Id.* Ex. 4); (5) Notice of Default recorded on or about January 14, 2009, with the San Diego County Official Records as instrument number 2009–

0017864 (*Id.* Ex. 5); (6) Substitution of Trustee recorded on February 27, 2009 with the San Diego County Recorder's Office as instrument number 2009–0097934 (*Id.* Ex. 6); (7) Notice of Trustee's Sale recorded on or about April 20, 2009 with the San Diego County Recorder's Office as instrument number 2009–0097934 (*Id.* Ex. 7); (8) Loan Modification Agreement, which was recorded on January 26, 2010 with the San Diego County Recorder's Office as instrument number 2010–0040217 (*Id.* Ex. 8); (9) Rescission of Notice of Default recorded on January 19, 2010 with the San Diego County Recorder's Office as instrument number 2010–00246374 (*Id.* Ex. 9); (10) Notice of Default recorded on January 3, 2011 with the San Diego County Recorder's Office as instrument number 2011–0000148 (*Id.* Ex. 10); and (11) List of licensees that are exempt from the requirements of the California Foreclosure Prevention Act issued by the California Department of Corporations. (*Id.* Ex. 11.)

On September 11, 2006, Plaintiff borrowed $417,000.00 from Washington Mutual Bank, FA ("Washington Mutual") and executed a Deed of Trust to real property commonly known as 991 Calma Drive, Chula Vista, California as security for the loan. (Compl. ¶¶ 1, 6; Doc. No. 7–1, RJN Ex. 2.) On September 25, 2008, JP Morgan Chase Bank, N.A. acquired certain assets and liabilities of Washington Mutual from the FDIC acting as receiver, including the loan at issue in this action. (Doc. No. 7–1, RJN Ex. 4.) On January 3, 2011, there was a Notice of Default on Plaintiff's property. (*Id.* Ex. 10.) As of the date of the motions to dismiss, Plaintiff's property has not been sold at a trustee's sale. (Doc. No. 6–1 at 2.)

### Discussion

**I. Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)

tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed.2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83

F.3d 1136, 1140 (9th Cir.1996); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

## II. Plaintiff's Complaint

### A. Violations of California Civil Code § 2923.5

Plaintiff alleges that Defendants violated California Civil Code section 2923.5 by failing to file a proper declaration, provide Plaintiff with a toll-free number, or comply with the provisions for contacting Plaintiff prior to foreclosure as required by the statute. (*Id.* ¶¶ 11–24.) MTC argues that Plaintiff's claim is preempted. (Doc. No. 6–1, at 10–11.) The Court agrees with Defendant.

■ Plaintiff's section 2923.5 claim fails because the asserted portions of section 2923.5 have been preempted by the Home Owners' Loan Act ("HOLA") of 1933, 12 U.S.C. § 1461 *et seq.* since the loan provider, Washington Mutual Bank, FA, was a federally chartered savings bank at the time the loan was originated. (Doc. No. 7–1, RJN Ex. 2.)[1] *See Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL 2618729, *4–7, 2010 U.S. Dist. LEXIS 63659, at *13–19 (S.D.Cal.2010); *see also Odinma v. Aurora Loan Servs.,* 2010 WL 1199886, at *6–8, 2010 U.S. Dist. LEXIS 28347, at *19–24 (N.D.Cal.2010); *Taguinod v. World Sav. Bank, FSB,* 755 F.Supp.2d 1064, 1073–74 (C.D.Cal.2010). Accordingly, the Court GRANTS Defendants' motions to dismiss this claim.

---

1. Although Defendants themselves are not federally chartered savings banks, HOLA still applies because Washington Mutual was a federally chartered savings bank at the time the loan was originated. *See DeLeon v. Wells Fargo Bank, N.A.,* 729 F.Supp.2d 1119, 1126 (N.D.Cal.2010) ("Wells Fargo notes that at the time the loan was made to [Plaintiffs], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes correctly that the same preemption analysis would apply to any alleged conduct after November 1, 2009, when the lender merged into a national banking association."); *see also Jones–Boyle v. Wash. Mut. Bank, F.A.,* 2010 WL 2724287, at *6–7, 2010 U.S. Dist. LEXIS 78208, at *18–20 (N.D.Cal.2010) (finding that Washington Mutual was a federally chartered savings bank and that HOLA preemption applied to the plaintiff's claims).

### B. Violations of Cal. Civil Code § 2923.6

■ Plaintiff alleges Defendants violated California Civil Code § 2923.6 by failing to offer her a loan modification. (Doc. No. 1, Compl. ¶¶ 45–54.) Defendants argue that there is no private right of action under § 2923.6. (Doc. No. 6–1, at 14; Doc. No. 7, at 13–14.) Defendants are correct. Section 2923.6 does not require loan servicers to modify loans, and it does not create a private right of action for borrowers. *See Monet v. Countrywide Home Loans,* 2011 WL 1196461, at *1, 2011 U.S. Dist. LEXIS 37695, at *3 (N.D.Cal.2011) (citing cases); *Arreola v. Wells Fargo Home Mortg.,* 2011 WL 1205249, at *1, 2011 U.S. Dist. LEXIS 33493, at *4 (E.D.Cal.2011) (citing cases); *see also Mabry v. Sup. Ct.,* 185 Cal.App.4th 208, 222, 110 Cal.Rptr.3d 201 (2010) ("[S]ection 2923.6 ... does not operate substantively. Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms."). Accordingly, the Court GRANTS Defendants' motions to dismiss this claim.

### C. Fraud, Intentional Misrepresentation, and Violations of California Civil Code § 1572

Plaintiff alleges that Defendants engaged in fraud, intentional misrepresentation, and violations of California Civil Code section 1572. (Doc. No. 1, Compl. ¶¶ 25–44, 55–61.) Defendants argue that Plaintiff's fraud based claims lack the specificity required by Federal Rule of Civil Procedure 9(b). (Doc. No. 6–1, at 11–14; Doc. No. 7, at 12–13.)

■ Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Anderson v. Deloitte & Touche,* 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512 (1997). The elements of fraud in inducement of a contract are the same elements as actual fraud. See Cal. Civ.Code § 1572; *Zinn v. Ex–Cell–O Corp.,* 148 Cal.App.2d 56, 68, 306 P.2d 1017 (1957).

■ Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989).

■ Plaintiff has presented only conclusory allegations of fraud in his complaint. Plaintiff has failed to allege with specificity any fraudulent statements that were made by Defendants at any time. These allegations fall well short of the pleading requirements of Rule 9(b). Instead, Plaintiff appears to be arguing again that Defendants violated California Civil Code section 2923.5. (Doc. No. 1, Compl. ¶¶ 36–42, 44.) However, as previously explained, Plaintiff's claim for violations of section 2923.5 are preempted. *See supra* section II.A.

In addition, Plaintiff appears to be arguing that Defendants did not have standing to enforce the note because they were not the recorded holder in due course, relying on California Commercial Code sections 3–301 and 3–302. (Doc. No. 1, Compl. ¶¶ 27–35, 44.) California Civil Code sections 2924 through 2924k govern non-judicial foreclosures initiated under a deed of trust. "California courts have consistently held that the Civil Code provisions 'cover every aspect' of the foreclosure process and are 'intended to be exhaustive.'" *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F.Supp.2d 1192, 1202 (E.D.Cal. 2010) (quoting *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438, 702 P.2d 596 (1985); *Moeller v. Lien*, 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994)). "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, at *3, 2009 U.S. Dist. LEXIS 11223, at *3 (S.D.Cal. 2009) (citing Cal. Civ.Code § 2924(a)(1)); *see also Wood v. Aegis Wholesale Corp.*, 2009 WL 1948844, at *5, 2009 U.S. Dist. LEXIS 57151, at *14 (E.D.Cal.2009) (citing *In re Golden Plan of Cal., Inc.*, 829 F.2d 705, 708–11 (9th Cir.1986) ("When a mortgage is sold, physical transfer of the note is not required.")). In addition, Plaintiff's reliance on the California Commercial Code is unavailing, as it has no application in the instant context of real property financing. *See Sicairos*, 2009 WL 385855, at *2–3, 2009 U.S. Dist. LEXIS 11223, at *6–7; *Spence v. Wells Fargo Bank, N.A.*, 2011 WL 1668320, at *2, 2011 U.S. Dist. LEXIS 50272, at *5 (E.D.Cal.2011). Accordingly, the Court GRANTS Defendants' motions to dismiss Plaintiff's fraud claims.

## D. Violations of the UCL

Plaintiff alleges a cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200, *et seq.* (Doc. No. 1, Compl. ¶¶ 62–65.) Plaintiff appears to be arguing that Defendants violated the UCL by generating a false and misleading declaration on the Notice of Default. (*Id.*)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Under the UCL, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir.2008). In order to assert a claim under the UCL, a person must have "suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof.Code §§ 17204 & 17535. Therefore, reliance is required to have standing to sue under the UCL. Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply to claims for violation of the UCL that are grounded in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009).

In support of his UCL claim, Plaintiff alleges that Defendants engaged in a fraudulent course of conduct by generating a false and misleading declaration on the Notice of Default. (Compl. ¶¶ 63.) Accordingly, Plaintiff's UCL claim is grounded in fraud and subject to Rule 9(b)'s heightened pleading standard. *See Kearns*, 567 F.3d at 1125–26. However, Plaintiff has presented only conclusory allegations of fraud in his complaint. Plaintiff fails to allege with specificity who engaged in the fraud and when and how. In addition, to the extent Plaintiff's claim relies on his claim that Defendants violated California Civil Code section 2923.5, Plaintiff's claim is preempted. *See supra* section II.A. Also, Plaintiff has not alleged that Defendants' conduct caused him an "injury in fact." *See Hall v. Time, Inc.*, 158 Cal.App.4th 847, 854–55, 70 Cal. Rptr.3d 466 (2008) ("[A] plaintiff suffers an

injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." (citations omitted)). Accordingly, the Court GRANTS Defendants' motions to dismiss Plaintiff's UCL claim.

### E. Violations of TILA

Plaintiff alleges that Defendants violated the federal Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"). (Doc. No. 1, Compl. ¶¶ 66, 69–71.) Plaintiff alleges that the original lender failed to provide her with various disclosures mandated by the Act. (*Id.*)

TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The doctrine of equitable tolling extends the statutory period only where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir.2000). Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." *Id.* The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consumption. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." *Id.*

Plaintiff obtained the loan in question on September 18, 2006, but did not file this action until May 17, 2011. (Doc. No. 1, Compl.; Doc. No. 7–1, RJN Ex. 2.) Because Plaintiff brought his TILA damages claim more than one year after the date of the occurrence of the alleged violations, the claim is time-barred. The Court concludes that Plaintiff has not alleged sufficient facts to suggest that his claim is timely or that equitable tolling is appropriate. Plaintiff's complaint fails to show that he was denied any "vital information bearing on the existence" of his TILA claim. *See Santa Maria*, 202 F.3d at 1178. Additionally, Plaintiff does not offer any allegations indicating that he acted with "due diligence" or with "excusable delay" in bringing this action five years after the loan transaction. *Id.*; *see also O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1157–58 (9th Cir.2002) (a plaintiff relying on delayed discovery or fraudulent concealment to toll limitations period must plead when and how she discovered her claim so the court can judge whether information triggering her filing had been available earlier). A review of the documents Plaintiff received at the time of closing would have revealed any irregularities in the loan. *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir.1996) (stating that the one-year statute of limitations was not tolled as to all initial TILA disclosures because "nothing prevented [plaintiff] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements"). Therefore, the Court GRANTS Defendants' motions to dismiss Plaintiff's TILA claim.

To the extent Plaintiff seeks rescission under TILA, his claim is also time-barred. The remedy of rescission is available for three years under TILA, 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance

owed. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir.2003); *La-Grone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.1976). Once the three-year time limit elapses, the borrower's rescission right is "completely extinguishe[d]." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). Additionally, the Ninth Circuit has held that a court should order the borrower to demonstrate an ability to tender as a prerequisite to considering the merits of the borrower's TILA claim. *Yamamoto*, 329 F.3d at 1171. Plaintiff has not alleged that he tendered, or is willing to tender, the owed amount under the loan. Accordingly, the Court dismisses Plaintiff's TILA rescission claim.

## F. MTC's Immunity under Cal. Civil Code §§ 47 & 2924(d)

 MTC argues that as a foreclosure trustee, it is entitled to absolute immunity from suit pursuant to California Code of Civil Procedures sections 47 and 2924(d). (Doc. No. 6–1, at 5–8.)

Cal. Civ.Code § 2924(a) states in pertinent part:

> Where ... in any transfer in trust made after July 27, 1917, of a like estate to secure the performance of an obligation, a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which that mortgage or transfer is a security, the power shall not be exercised ... until all of the following apply:
>
> (1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for the record ... a notice of default....
>
> ...
>
> (3) ... [A]fter the lapse of the three months described in paragraph (2), the mortgagee, trustee, or other person authorized to take the sale shall give notice

of sale, stating the time and place thereof....

(emphasis added.) Subsection (d) further provides that "[t]he mailing, publication, and delivery of notices as required by this section" and the "[p]erformance of the procedures set forth in this article" are considered "privileged communications pursuant to [Cal. Civ.Code § 47]." The broad privilege conferred by § 47 bars liability for "all torts except malicious prosecution," and is "absolute in nature." *Silberg v. Anderson*, 50 Cal.3d 205, 212, 215, 266 Cal.Rptr. 638, 786 P.2d 365 (1990).

Pursuant to section 47 and 2924(d), MTC has absolute immunity as a foreclosure trustee for certain actions it took related to the foreclosure process, including its issuance of the Notice of Default. Thus, to the extent Plaintiff is seeking to hold MTC liable for issuing the Notice of Default, MTC is immune from suit.

## G. JP Morgan as a Party in this Action

 JP Morgan Chase & Co. argues that it should not be a party in this action because it is not the lender of Plaintiff's loan. (Doc. No. 7, at 3–4.) JP Morgan argues that Washington Mutual was the original lender, which was later acquired by JP Morgan Chase Bank, N.A. ("JPMCB"), and that Chase Home Financial LLC ("CHF") was the servicer of Plaintiff's loans. (*Id.*)

 It is the general rule that a parent corporation and its subsidiary will be treated as separate legal entities. *Current Inc. v. State Bd. of Equalization*, 24 Cal.App.4th 382, 391, 29 Cal.Rptr.2d 407 (1994); *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 741, 80 Cal.Rptr.2d 454 (1998). "The alter ego doctrine is one exception to the rule where a parent corporation will be found liable for the actions of its subsidiary when there is (1) such

unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D.Cal.2009) (citing *Automotriz Del Golfo De California v. Resnick*, 47 Cal.2d 792, 796, 306 P.2d 1 (1957); *United States v. Healthwin–Midtown Convalescent*, 511 F.Supp. 416, 418 (C.D.Cal.1981)). Another exception to the general rule is when the subsidiary is the agent of the parent, which requires a showing that the parent so controls the subsidiary as to cause the subsidiary to be become merely the instrumentality of the parent. *Laird*, 68 Cal. App.4th at 741, 80 Cal.Rptr.2d 454.

JP Morgan Chase & Co is the parent company of JPMCB and CHF. (Doc. No. 7, at 3.) JPMCB, not JP Morgan Chase & Co., acquired Plaintiff's loan from Washington Mutual. (Doc. No. 7–1, RJN Ex. 4.) CHF, not JP Morgan Chase & Co., was the servicer on Plaintiff's loan. (*Id.* Ex. 8.) Plaintiff's complaint contains no allegations explaining why JP Morgan Chase & Co. should not be treated a separate legal entity from its two subsidiaries, JPMCB and CHF. Plaintiff's complaint only contains the incorrect allegation that JP Morgan Chase & Co. was formerly doing business as Washington Mutual. (Compl. ¶ 2.) Accordingly, JP Morgan is not a proper party to this action, and the Court GRANTS its motion to dismiss.

### III. Motion to Strike

Along with its motion to dismiss, MTC moves to strike portions of Plaintiff's complaint related to punitive damages. (Doc. No. 6–1 at 17–19.) Because the Court dismisses Plaintiff's complaint in its entirety, the Court DENIES without prejudice as moot MTC's motion to strike.

### Conclusion

For the reasons above, the Court GRANTS MTC's motion to dismiss the complaint without prejudice, DENIES without prejudice as moot MTC's motion to strike, and GRANTS JP Morgan's motion to dismiss the complaint without prejudice. The Court grants Plaintiff 30 days from the date of this order to amend or cure the deficiencies-if he can-in an amended complaint.

**IT IS SO ORDERED.**